C. J. COWLES v. G. W. McNEILL.

(Decided December 5, 1899.)

*Ejectment—Possession—Nonsuit—Evidence—Act 1897, Chap. 109.*

1. It is well settled, that on a motion of nonsuit, the evidence must be construed in the light most favorable to the plaintiff.

2. Where the defendant in his answer denied being in possession, but there was evidence that he was present at a survey made for the plaintiff, and claimed to be the owner—pointed to wood he had cut upon it, and forbade the surveyor to enter on it—the evidence ought to have been submitted to the jury.

CIVIL ACTION for the possession of land, tried before *Allen, J.,* at Spring Term, 1899, of WILKES Superior Court. The defendant disclaimed possession and moved to nonsuit the plaintiff under Act 1897, chap. 109, for failing to offer evidence tending to prove it. Motion allowed. Plaintiff excepted and appealed. The evidence appears in the opinion.

*Messrs. Finley & Greene,* for appellant.
No counsel *contra.*

DOUGLAS, J.    This is an action for the possession of a tract of land described in the complaint.    The plaintiff alleged that the defendants were in the wrongful and unlawful possession of the land and unlawfully and wrongfully withheld the possession of the same from the plaintiff.    In the original answer, the defendants admitted that they were in possession, but denied that their possession was either unlawful or wrongful.    In the amended or new answer as it is called in the pleadings, the defendants denied that they were

in the wrongful and unlawful possession of the land, and set up a claim to the same in the nature of a notice of entry, a survey and a grant from the State, and aver that although the plaintiff's grant from the State for a tract of land alleged by the plaintiff to embrace the 50-acre tract, is older than the defendant's grant, yet the entry of the defendants and the notice of the entry are the older; that the survey and grant followed the entry of the defendants within the year following the entry, and that entry was filed in the office of the entry-taker of Wilkes County, where the land was situated, and that the plaintiff had notice of such entry. The plaintiff, replying to the amended or new answer, alleged that the notice of entry which the defendants filed for the 50-acre tract in dispute was entirely void in law because of the uncertain description of the land, and because the entry was not advertised according to law, and that he had no notice, actual or constructive, of the defendant's entry when he made his own.

Both plaintiff and defendants tendered issues embracing several of the matters connected with the disputed facts concerning the several entries, surveys and grants. "After the jury were empaneled, and when called upon to read the pleadings, after the plaintiff's counsel had read the complaint, the defendants' counsel read the answer, called the new answer, in which they denied the allegation of the complaint that the defendants were in possession, and thereupon tendered an issue as to whether they were in possession of said land. The plaintiff claimed under a grant from the State of 193 acres, and introduced evidence tending to show his possession of the land covered by the grant, and that the 50-acre tract in controversy in this action, and claimed by the defendants by grant from the State, was within the boundaries of the 193-acre tract." The only evidence offered by the plaintiff as to the possession by the defendants of the

50-acre tract in controversy was that of C. H. Colvard and
Charles Cowles.   Colvard testified that "he was a surveyor,
that he surveyed the 193-acre tract claimed by the plaintiff;
that at the time of the survey the defendant G. W. McNeill
was present; that he, witness, saw some timber cut on the
50-acre tract—large trees, poplars; that said McNeill said
some timber had been cut on the land by his son, Rufus
McNeill, by his leave, and was not moved on account of the
controversy over the land."   Charles Cowles testified that
"he was present at the survey, and saw the timber cut on the
land in dispute; that the defendant G. W. McNeill got with
them, and when they reached the 50-acre grant (the land in
dispute), the said McNeill forbade them going on it; that
they went with him to his old chestnut corner, the 50-acre
tract, and he said it (50-acre tract) was his land; that he
took them down the line where the timber was cut; said
Rufus McNeill, defendant, cut it; he (G. W. McNeill) said
it was his land, and he forbade us going on it."

The case further states that "when the plaintiff had pro-
duced his evidence and rested his case, the defendants moved
to dismiss the complaint, as in case of nonsuit, under the Act
of 1897, chap. 109, upon the ground that there was not suffi-
cient to go before the jury upon issues raised as to the posses-
sion by the defendants of the land in controversy.   The
motion of defendants was allowed, and the plaintiff excepted."

After so many different pleadings, and so many different
issues tendered by both sides, the case went off by direction of
his Honor, on the single ground of want of possession by the
defendants.   As the matter was not submitted to the jury,
the other issues are eliminated.   Therefore, the only point
before us is, whether there was more than a scintilla of evi-
dence tending to prove the possession of the defendants.   If
so, it should have been submitted to the jury.   *Spruill v.*

*Insurance Co.,* 120 N. C., 141; *Cox v. Railroad,* 123 N. C., 604, and cases therein cited. It is well settled that on a motion of nonsuit the evidence must be construed in the light most favorable to the plaintiff. *Whitley v. Railroad,* 122 N. C., 987; *Cable v. Railroad, Ibid,* 892; *Cogdell v. Railroad,* 124 N. C., 304. We think there was sufficient evidence to go to the jury. It tends to prove that the defendant G. W. McNeill had timber cut upon the land, and while he did not move it, he did not thereby intend to abandon his claim to it or the land. So far from doing so, he met the witnesses Colvard and Cowles, who were surveying the land for the plaintiff, took them down the line where the timber was cut, claimed the 50-acre tract as his own, and forbade them going on it. He may have been on the land in question, and probably was, as might well have been inferred by the jury; but in any event he was at or on the line asserting his ownership and defending his possession. In this way he forced the plaintiff to bring his action, and, after having done so, we do not think he should be permitted to slide out of the action, thus casting upon the plaintiff the costs thereof, and depriving him of the legitimate results of a judgment.

It was contended before us that this action, while in the form of ejectment, was in effect an action under chap. 6 of the Laws of 1893, to remove a cloud upon the title of the plaintiff's land. This may be so, but it is evident that neither the Court below, nor either party to the action, regarded it in any such light. In any event, upon the disclaimer of possession, and even after the intimation of his Honor, the plaintiff might have asked leave to amend his complaint so as to clearly justify a judgment under the Act of 1893. As, however, under the evidence he was entitled to go to the jury on the question of possession, a new trial is ordered.

New trial.