ARMSTRONG v. WILMINGTON AND WELDON RAILROAD.

(Filed March 11, 1902.)

NEGLIGENCE—*Railroads—Evidence—Sufficiency—Fires.*

The facts in this case are not sufficient to establish negligence of a railroad company as to a fire alleged to have been negligently started by the company.

ACTION by D. H. Armstrong against the Wilmington and Weldon Railroad Company, heard by Judge *Fred. Moore* and a jury, at December (Special) Term, of the Superior Court

of PENDER County.    From a judgment for the plaintiff, both plaintiff and defendant appealed.

*J. T. Bland,* for the plaintiff.
*Junius Davis,* and *H. L. Stevens,* for the defendant.

COOK, J.    This action was brought to recover damages to plaintiff's land, alleged to have been caused by defendant on the 14th day of February, 1898, "in running one of its trains, negligently and carelessly threw out and scattered from its steam-engine coal-cinders and burning substance along its right-of-way and on the lands adjacent thereto, * * * and ignited and set fire to the straw, grass and other combustible material along said right-of-way and adjacent lands, * * * and by carelessly and negligently throwing out and scattering the fire as aforesaid, caused the same to spread and burn over a large area of plaintiff's land."

The jury returned a verdict in favor of plaintiff for damages done by the fire, which occurred on the 14th only; while plaintiff claimed damages for fires which sprung up on each of the two succeeding days in addition to that done on the first day, the 14th, and moved for a new trial on the ground of errors assigned, to the charge of the Court as to damages caused by fire on those two days, which motion was overruled, and plaintiff excepted and appealed.

Upon the close of plaintiff's evidence, the defendant moved, under the statute, to nonsuit the plaintiff upon the ground that there was not sufficient evidence of negligence on the part of the defendant to go to the jury, which motion was overruled, and defendant excepted.

Defendant then offered its evidence, and at the close thereof renewed its motion, which was again overruled, and defendant again excepted, and assigned the same as error, and appealed.

The question first requiring our consideration is, was there evidence to show negligence on the part of defendant company sufficient to be submitted to the jury? And failing to find such, it is not necessary to consider the exceptions taken in plaintiff's appeal. And we think his Honor erred in not allowing defendant's motion.

There is no evidence that the fire originated upon defendant company's right-of-way, or that it originated on land immediately adjacent thereto. Plaintiff testified that it originated on *his* land, and when he reached the fire it was burning at Walker's fence, three-fourths of a mile from the railroad. His witness, Black, testified that when he got to the fire, it was one-half mile from the railroad, and in a direct line about one-quarter of a mile. Witness Bowden testified that "where he first struck it, it was one-half to three-fourths of a mile from the railroad." Plaintiff's evidence failing to connect the origin of the fire with the engine, we have searched the evidence of defendant to ascertain the exact point at which the fire originated, and find that Hearn and Hayes seem to have been among the first who discovered the fire from the smoke, who went immediately to it. They were at Ashton, two miles away, and testified that they saw the smoke "rise up way in the woods," and when they reached it, it was 300 yards, as estimated by Hearn, and 150 yards as estimated by Hayes, from the right-of-way.

It appears from the testimony that plaintiff's land lies east from the railroad, and the wind was blowing from the northwest to the southeast, driving the fire a southeasterly direction, and also burning back against the wind, which, as one of plaintiff's witnesses (Bowden) testified, "the wind was blowing at about northwest, and it shifted about a mighty heap that day, turned every which way." And it further appears that later in the day the fire burned back to and upon the right-of-way. But none of the evidence connects the

*origin* of the fire with any sparks or cinders emitted from the engine.    The fact that the engine threw out a spark or cinder at Ashton, about two miles away, which ignited some rotten shingles just off the right-of-way at that place, and was there throwing out "more than common," as testified to by plaintiff's witness (Batson), can not be evidence to establish negligence against the defendant, when it is shown by plaintiff's own testimony that the fire "broke out" on his land— not the defendant's right-of-way.

Therefore, the judgment rendered against defendant must be set aside, and for the error pointed out, a new trial must be had.

New Trial.