LIVERMON v. ROANOKE AND TAR RIVER RAILROAD CO.

(Filed December 16, 1902.)

1. NEGLIGENCE—*Railroads—Fires.*

>   In an action for damages by fire, caused by a railroad engine, the
>       permitting of the track and right of way to become covered
>       with dead grass and combustible material, is at least evi-
>       dence of negligence on the part of the railroad.

2. NEGLIGENCE—*Railroads—Fires.*

>   Where wood is piled on the right of way of a railroad by its
>       consent, and fire is communicated to the wood by means of
>       inflammable material on the right of way, the railroad com-
>       pany is liable for the destruction of the wood.

ACTION by A. T. Livermon against the Roanoke and Tar
River Railroad Company, heard by Judge *George H. Brown*
and a jury, at April Term, 1902, of the Superior Court of
BERTIE County.

This is an action for the recovery of the value of cord wood
burned through the negligence of the defendant while piled
up along its track awaiting shipment.    The material portions
of the complaint are as follows:

2.  That on or about the 28th February, 1899, the plaintiff
was the owner of a large quantity of cord wood, which was of
the value of $200, and which had been by him placed in the
vicinity of the defendant's line of railway, preparatory to its
shipment to market by the defendant's trains.

3.  That on or about the 28th February, 1900, the defend-
ant, by means of fire negligently permitted to be communi-
cated from its locomotive to said wood, did unlawfully and
wrongfully burn the same, to plaintiff's damage $200.

4.  That defendant, on or about 28th February, 1900, un-
lawfully and negligently permitted weeds, grass and stubble
and other inflammable material to accumulate on the line of
railway, and adjacent to which the plaintiff's said wood was

placed for shipment over its road, and to which sparks were negligently permitted to escape from its locomotive, to inflammable material, grass and stubble, etc., hereinbefore mentioned, and thereby communicating fire to the said wood, and by which the same was totally destroyed, and to his damage $200.

The answer denies every allegation in the complaint, and then proceeds as follows:

5. That some cord wood was placed near defendant's track in the fall of the year 1899, or the following winter.

6. That if said cord wood was placed on defendant's right of way, near its track by plaintiff, then said plaintiff negligently contributed to his own injury, in that he placed said wood near defendant's track without the permission of this defendant, and nearer to its track than a man of ordinary prudence and care would place it, and too near to defendant's passing engines or locomotives to be safe from fire, and nearer to the track than the defendant's rules allow; that the defendant directed plaintiff to remove said wood and offered to furnish a car for shipment of same in order to get it away, notwithstanding it had never given the plaintiff authority to place it there; but plaintiff refused to allow it to be shipped and failed to remove it, but, on the contrary, allowed it to remain at the place it was until it became dry and easy to ignite, and if the same was burned, it was without the fault or negligence of this defendant; and such contributory negligence the defendant especially pleads and sets up in bar of any recovery in this action.

The jury found that the wood was burned by the negligence of the defendant, and that the plaintiff did not contribute by his negligence to his own injury. There was competent evidence tending to sustain these findings. Among other evidence, there was testimony to the effect that the defendant's right of way was covered with dead grass and other inflammable material adjacent to the wood; that the fire was

first seen on the said right of way about a foot from the cross-ties and sixty feet from the wood about a minute or so after the passage of one of the defendant's trains; that the wood was piled on the right of way nine feet from the track, by permission of the defendant, for the purpose of shipment; that the wood remained there from August and September, 1899, to the 28th February following, when it was burned; that the reason for the wood remaining there so long was the refusal of the defendant to ship any of the wood until there was a *train load* ready for shipment; and that it was the custom of the defendant to permit wood to be so piled for shipment.

The following is the *entire* evidence for the defendant: "Pruden, conductor of the railroad, testified that plaintiff's wood was placed only four or five feet from the end of the cross-ties; have seen other wood along right of way, but further off from the track. Cross-examined: Wood is generally placed not closer than six feet, in fact, the rule of the company requires all wood to be placed not nearer than six feet from the cross-ties. I never measured distance of wood from ties, only saw it."

L. C. Hedgepeth testified: "I was notified to remove this wood; that the section master wanted to put in a switch there. I stated that I did not own the wood, but I repeated to plaintiff that company wanted this wood removed, that they desired to put in a siding there. I did not repeat it to plaintiff at the request of any one, but of my own motion. A negro delivered me the message. I don't know who sent him." Judgment for plaintiff; appeal by defendant.

No counsel for the plaintiff.
*St. Leon Scull,* for the defendant.

DOUGLAS, J., after stating the case. At the close of the plaintiff's evidence, the defendant moved for a judgment as of nonsuit. This was properly refused. Permitting its

track and right of way to become covered with dead grass and combustible material was at least evidence of negligence. The defendant, after introducing evidence, offered various prayers for instruction, among which were the following:

"9. Upon the whole evidence, the plaintiff can not recover.

"10. Upon the whole evidence, the defendant is not guilty of negligence, and the plaintiff can not recover."

In view of the substantial evidence tending to prove negligence, these prayers were manifestly improper, and would have been so in any event. Where there is no evidence tending to prove negligence, or nothing more than a mere scintilla, the Court may so instruct the jury; but in all such cases, the evidence must be construed most strongly against the party asking for the direction of the verdict, as it is practically a demurrer to the evidence. All contradictions must be solved in favor of the opposite party, taking his evidence as true, and construing all the evidence in the light most favorable to him. *Cowles v. McNeill,* 125 N. C., 385; *Coley v. Railroad,* 129 N. C., 407, cases there cited. The form of the prayer is itself objectionable, as it assumes that equal weight is to be given to all the evidence. The prayer should be substantially to the effect that there is no evidence tending to prove the negligence of the defendant or the plaintiff, as the case may be. A mere scintilla is not considered evidence.

Two of the defendant's prayers were given, as follows:

"1. If the jury shall find from the evidence that the plaintiff piled or raked up the wood on defendant's right of way, very near the track, without obtaining consent of defendant, then and in that event the plaintiff assumed all risk of fire from defendant's engine, and plaintiff can not recover."

"8. The plaintiff must go further and show more than that the right of way was not clear of stubble, etc., but must also show to the satisfaction of the jury that the fire originated from defendant's engine before plaintiff can be allowed to recover."

The Court further charged the jury as follows, to which defendant excepted:

"1. If the jury find that the wood was placed on the right of way by consent of defendant, for shipment, and that along that section of the road the track and right of way were foul and littered with inflammable material, and that sparks were communicated from defendant's engine to this inflammable material, and that such fire spread and extended to plaintiff's wood and destroyed it, you will answer the first issue 'Yes.'

"2. If you find that defendant had a rule and regulation prohibiting the placing of wood, delivered on right of way, within six feet of said road-bed, and that plaintiff did place his wood within six feet of said road-bed, that would be negligence on the part of plaintiff, and if you further find that the sparks from the engine were communicated directly from the engine to this wood, by reason of its dangerous proximity, it would be contributory negligence, and you will answer the second issue 'Yes.' "

We see no error in these instructions of which the defendant can complain, and in fact it might well be questioned whether the second one is not too favorable to the defendant, inasmuch as it holds the plaintiff to the observance of a rule which does not appear to have been brought to his knowledge. We think that these instructions, with the prayers given, fairly and sufficiently present the defendant's case. The remaining prayers were properly refused.

There are many exceptions to the evidence, none of which can be sustained. It was proper and necessary for the plaintiff to show that the wood was placed on defendant's right of way with its permission, for the purpose of shipment, and that it was not close enough to the track to interfere in any way with the passage of a train. In the absence of error, the judgment must be

Affirmed.