HELEN L. MAGUIRE v. S. A. L. RAILROAD.

(Filed 22 March, 1911.)

1. **Railroads—Negligent Burning—Right of Way—Combustible Material—Causa Causans—Burden of Proof.**

   To recover damages of a railroad company for carelessly and negligently communicating fire to its right of way which spread to and burned plaintiff's lands, the burden of proof is on plaintiff to show that defendant negligently permitted combustible matter to accumulate on its right of way and that defendant communicated fire from its engine to its foul right of way and from thence it was communicated to plaintiff's land and caused the injury.

2. **Railroads—Negligence—Right of Way—Foul Condition—Fire—Duties.**

   It is only the duty of a railroad company with respect to its right of way to keep its roadbed and track and a reasonable distance on its right of way clear of such substances as are liable to be ignited by sparks or cinders from its engine.

3. **Same—Evidence—Nonsuit.**

   In an action for damages to plaintiff's land alleged to have been caused by fire communicated to its foul right of way and from thence to plaintiff's land, there was evidence tending to show that when first discovered the fire was burning down the county road, off the right of way, and 100 yards from the railroad; that on the right of way, which had been burned over, from 30 to 50 feet from the track, there were "chunks" smoking as if they had just been burned, with no evidence to indicate the character of the "chunks," or that they constituted combustible material, and nothing to indicate that the fire originated there: *Held*, evidence insufficient, and a judgment of nonsuit upon defendant's motion should have been allowed.

4. **Same—Causa Causans.**

   For the plaintiff to recover damages by fire communicated to his land alleged by reason of the foul condition of defendant's right of way, the mere fact that the defendant's engine passed more than two hours before a fire was discovered off the right of way is insufficient evidence to be submitted to the jury upon the question of whether the defendant's engine had caused it, there being no evidence to show that a fire was not there before the engine passed or as to the character and direction of the wind, or that the engine was throwing sparks when it passed.

MAGUIRE *v.* R. R.

**5. Evidence—Conjecture—Nonsuit.**

When the evidence raises no more than a mere conjecture as to defendant's negligence, it is error to submit the case to the jury.

CLARK, C. J., and HOKE, J., concur in the result.

APPEAL from *Ferguson, J.,* at August Term, 1910, of HAL-IFAX.

Civil action to recover damages for setting fire to and burning plaintiff's land. These issues were submitted:

1. Was the land of the plaintiff damaged by a fire set out by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

Then followed issue as to damage.

From a judgment for plaintiff, defendant appealed.

*No counsel for plaintiff.*
*Murray Allen for defendant.*

BROWN, J. The plaintiff alleges that the right of way of defendant was in a very foul condition, and that on a certain day in December, 1909, the defendant negligently and carelessly communicated fire to its right of way, which spread to and burned plaintiff's lands.

The assignments of error present the question as to the sufficiency of the evidence upon the first issue.

The plaintiff's witness, C. K. Harvell, testified that he passed the land in question between half-past 7 and 8 o'clock on the morning of the fire and noticed that the fire had burned up along the county road, which crosses the railroad at that point, for a distance of 100 yards; that he saw effects of the fire 25 yards from the railroad and it was still burning in a reedy marsh; that the right of way at that time had been "burned off."

James Keeter, another witness, testified in behalf of plaintiff that he saw this land on the day of the fire; that "the right of way was burned off and on the right of way, 30, 40, or 50 feet from the track, were chunks smoking as if just burned"; that the fire was burning up the county road. There was also

154—25

evidence to the effect that the trees on plaintiff's land were burned worse on the side toward the railroad than on the opposite side. This, together with an admission by the defendant that one of its trains passed this point between 5 and 5:30 o'clock on the morning the fire was alleged to have occurred, constitute all the evidence offered by plaintiff upon the first issue.

The plaintiff certainly derived no support from the defendant's evidence, which offered the evidence of its section foreman to show that the right of way was clean at the time of this fire, and introduced a number of witnesses who testified that there was a fire in these woods on Sunday morning, the time set out in the complaint, and that there was only one fire in there in the fall of 1909, when the fire is alleged to have occurred. These witnesses testified that the fire seen by them on Sunday started at a point some distance from the railroad and burned towards the railroad.

The burden rested upon the plaintiff to establish by competent evidence two facts alleged in her complaint: first, that the defendant negligently permitted combustible matter to accumulate on its right of way, and, second, that the defendant communicated fire from its engine to its foul right of way, which fire was thence communicated to the lands of the plaintiff. Measured by the standard fixed by the decisions of this Court, we think the plaintiff has failed to offer evidence sufficient to be submitted to the jury in support of either of these essential facts. *Crenshaw v. St. Ry.,* 144 N. C., 321; *S. v. Vinson,* 63 N. C., 335; *Young v. R. R.,* 116 N. C., 932.

Applying this principle in an action for injury resulting from fire alleged to have been negligently set out by a railroad, this Court says: "Where plaintiff alleges that he has been injured by fire originating from sparks issued from defendant's locomotive, he must not only prove that the fire might have proceeded from the defendant's locomotive, but must show by reasonable affirmative evidence that it did·so originate." *Ice Co. v. R. R.,* 122 N. C., 881; *R. R. v. Edmonson,* 101 Ga., 747.

In support of the allegation that defendant's right of way

was in foul and negligent condition, plaintiff offered evidence that the fire when discovered was burning down the county road, off the right of way and 100 yards from the railroad; that on the right of way, 30, 40, or 50 feet from the track, there were chunks smoking as if just burned, and the right of way was "burned off." There was nothing in the evidence to indicate the character of the "chunks." No evidence was offered to show that the fire originated at the point where the chunks were burning, nor was there any evidence that they were of such an inflammable character as to constitute combustible material as that term is used in describing the condition of a railroad right of way. The mere fact that the right of way had been burned off does not show that the defendant permitted combustible material to accumulate thereon. It is only the duty of a railroad company to keep its roadbed and track and a reasonable distance on its right of way "clear of such substances as are liable to be ignited by sparks or cinders from its engines." *Black v. R. R.,* 115 N. C., 667; *McCoy v. R. R.,* 142 N. C., 383.

An examination of the cases in which recovery has been sustained upon the ground that the defendant's right of way was in a foul and negligent condition will show that there was evidence of an accumulation of combustible matter; that bushes had been cut down and allowed to remain on the right of way, and evidence of a similar character. *Black v. R. R., supra; Simpson v. Lumber Co.,* 133 N. C., 95; *Livermon v. R. R.,* 131 N. C., 527.

The burden rested upon the plaintiff to show, not merely that the right of way was in a foul condition, but that the fire started on such foul right of way and was set out by the defendant's engine. In *Black's case, supra,* the following language was used in charging the jury: "You must first ascertain whether or not the fire was occasioned by fire or sparks from the engine. The burden of proof is on the plaintiff to show this. If the plaintiff has not shown it, that ends the case, and you should answer the first issue 'No.' If you find the fire was occasioned by fire or sparks from the engine, then you must

go on further and inquire whether or not the defendant company has been negligent and whether or not the damage to the plaintiff has been proximately caused by such negligence. If so, you should answer the first issue 'Yes.' " On appeal, this instruction was approved.

The question for our determination on the second branch of the case is this: Is the admitted fact that an engine passed a point more than two hours before a fire was discovered sufficient evidence to be submitted to the jury in support of an allegation that the fire was caused by the passing engine? It will be observed that the evidence does not show that the engine was throwing sparks when it passed this point two hours before. The evidence fails to show that no fire was there before the engine passed, and there is no evidence in the record as to the character and direction of the wind. In our opinion, the evidence raises no more than the merest conjecture that this fire was set out by the defendant's engine, and his Honor erred in submitting it to the jury. In cases of this character there must be some evidence that connects the origin of the fire with sparks or cinders from the engine. *Armstrong v. R. R.,* 130 N. C., 64; see, also, *Johnson v. R. R.,* 149 N. C., 581.

In a similar case the Missouri Court of Appeals says: "The court was left entirely in the dark as to how long the fire had been burning when the freight train passed that point. The burden of proof rested on the plaintiff to make out his case. There was no evidence to the effect that just before the passing of the defendant's engine no fire was seen at that point by a person having an opportunity to see it. Nor was there any evidence that immediately after the train passed the fire appeared on the track." *Peck v. R. R.,* 31 Mo. App., 123.

There was every opportunity for this fire to have originated from some other source as well as from defendant's engine. All that can be reasonably said is that the fire *may* possibly have been set out by the engine, and it is equally true that it may not. As was said in *Peffer v. R. R.* (Mo.), 71 S. W., 107, in which the evidence that the fire was set out by the defendant

was much stronger than in the present case, "The truth is in such doubt as that to say one way or the other is no more than guessing."

In the view we take of this case, it is unnecessary to consider defendant's exceptions to the judge's charge. We are of opinion that the action should have been dismissed upon defendant's motion for judgment of nonsuit. It is so ordered.

Reversed.

CLARK, C. J., and HOKE, J., concur in result.