HARRY McBEE v. SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 8 March, 1916.)

**Railroads — Right of Way — Foul Conditions—Evidence—Negligence—Trials.**
 In order to recover damages of a railroad company for fires caused on its foul right of way, it must be affirmatively shown that the condition of the right of way was foul, and that it was caused by a spark from the defendant's locomotive.

APPEAL by defendant from *Lyon, J.,* at October Term, 1915, of VANCE.

Civil action to recover damages for negligently burning plaintiff's woods. There was a verdict and judgment for plaintiff. Defendant appealed.

*J. C. Kittrell, Thomas M. Pittman for plaintiff.*
*Murray Allen for defendant.*

BROWN, J. Plaintiff sues to recover for damages by fire alleged to have been caused by the negligence of the defendant in permitting its

right of way to become foul with combustible material and in so negligently operating its engine as to set fire to the foul right of way, and in negligently permitting the fire to be communicated to the plaintiff's land. It is alleged that the fire occurred on or about 6 November, 1912. The defendant denied all of the allegations of the complaint.

Taking all the evidence in its most favorable aspect for plaintiff, there was no sufficient evidence to go to the jury. The evidence tends to prove that the fire started on the right of way of defendant and burned in the direction of plaintiff's land. There is no evidence that there was combustible material on that part of the right of way where the fire started at the time of the fire. The defendant's evidence tends to prove that the right of way was burned off as usual in November, 1912, but what time in November does not appear.

It is undoubtedly the duty of a railroad company to keep its right of way for a reasonable distance from its track clear of such substances as are liable to be ignited by sparks and cinders from its engines. *Maguire v. R. R.,* 154 N. C., 384; *McCoy v. R. R.,* 142 N. C., 383. But to establish negligence in that respect there must be affirmative evidence of an accumulation of combustible matter on the right of way. *Black v. R. R.,* 115 N. C., 667; *Livermon v. R. R.,* 131 N. C., 527; *Simpson v. Lumber Co.,* 133 N. C., 95.

Again, mere proof of a foul right of way without evidence that the fire was set out by a spark from a passing engine is insufficient to establish actionable negligence. It has been repeatedly held that in addition to the foul condition of the defendant's right of way, plaintiff must prove that the fire was set out by the defendant in order to establish negligence. *Williams v. R. R.,* 140 N. C., 623; *Bowers v. R. R.,* 144 N. C., 684; *Hardy v. Lumber Co.,* 160 N. C., 113; *Aman v. Lumber Co.,* 160 N. C., 369.

In *Maguire v. R. R., supra,* it is said: "To recover damages of a railroad company for carelessly and negligently communicating fire to its right of way which spread to and burned plaintiff's lands, the burden of proof is on plaintiff to show that defendant negligently permitted combustible matter to accumulate on its right of way, and *that defendant communicated fire from its engine to its foul right of way,* and from thence it was communicated to plaintiff's land and caused the injury." This has been settled law in this State since *Black's case.*

There is no evidence whatever that connects any engine of the defendant with the origin of the fire, nor any evidence that the fire was caused by any act of negligence upon the part of the defendant. There was error in instructing the jury that if they found that the fire was set out by a passing engine, to answer the first issue "Yes."

New trial.