J. C. JOHNSON, ADMINISTRATOR OF WILLIAM CLIFTON SCOTT, v. KENNETH FOX, ADMINISTRATOR OF WILLIE MANSFIELD DISHMAN.

(Filed 12 April, 1961.)

**1. Automobiles § 41p—**

The identity of the driver of a vehicle may be established by circumstantial evidence, either alone or in combination with direct evidence, but such facts and circumstances must establish identity as a logical and reasonable inference and not merely raise a conjecture, guess, or choice of possibilities.

**2. Same: Automobiles § 54f—**

G.S. 20-71.1 raises no presumption or inference that the owner of a vehicle was driving at the time of the accident in question.

**3. Trial § 23a—**

In order to be sufficient to be submitted to the jury, plaintiff's evidence must take the case out of the realm of conjecture and into the field of legitimate inference from established facts.

**4. Automobiles § 41p— Evidence of identity of driver held insufficient to be submitted to the jury.**

Evidence tending to show that when the vehicle was driven from the home of plaintiff's intestate it was driven by the owner with intestate as a passenger, that some ten hours thereafter the vehicle was found demolished off of the hard surface, that the body of intestate was found on the floor of the car next to the back seat, and that the body of the owner was found some fifty feet from where the car had stopped, and that the owner had a driver's license on his person but that intestate had none, *is held* insufficient to be submitted to the jury on the question of whether the owner was driving the vehicle at the time of the fatal accident.

APPEAL by plaintiff from *Phillips, J.,* November Term 1960 of IREDELL.

Civil action to recover damages for the death of plaintiff's intestate.

From a judgment of involuntary nonsuit entered at the close of plaintiff's evidence, plaintiff appeals.

*Ray Jennings and Land, Sowers & Avery for plaintiff, appellant.*
*R. A. Hedrick and Adams & Dearman by C. H. Dearman for defendant, appellee.*

PARKER, J.   This is a summary of plaintiff's evidence, except when we quote:

About 6:00 o'clock p.m. on 7 August 1959 William Clifton Scott, plaintiff's intestate, left his mother's home in a Pontiac automobile driven away by Willie Mansfield Dishman, defendant's intestate.

About 4:00 o'clock a.m. on 8 August 1959 Bob Cavin operator of a funeral home in the town of Mooresville, arrived at the scene of an accident on U.S. Highway No. 21 near Mooresville. There he saw a Pontiac automobile, whose top had been completely "sheared" off. He walked into the automobile and picked up the living body of William Clifton Scott, which was lying on the floor of the automobile next to the back seat. Near the scene he saw the dead body of Willie Mansfield Dishman. He carried Scott to a hospital, where he died. The automobile was completely demolished; the front seat had been completely knocked loose.

About 4:30 o'clock a.m. on 8 August 1959 R. L. Henry, a State highway patrolman, arrived at the scene. He testified as follows without objection: "He observed a 1955 Pontiac automobile that had run off the right-hand side of said highway traveling north; that the car had slid 46 feet on the road on a slight curve before leaving the road and then had skidded 166 feet when it clipped off a pine tree approximately 12 inches in diameter, peeling the top of the car off; that the car came to rest after skidding 94 feet more and striking two smaller trees. That the 1955 Pontiac automobile belonged to Willie Mansfield Dishman. That the body of Willie Mansfield Dishman was found 50 feet from where the car stopped; that Willie Mansfield Dishman had a North Carolina driver's license. That William Clifton Scott had already been removed from the scene of the accident to the hospital at Mooresville, N. C., when he arrived at the scene of the accident; that William Clifton Scott did not have any driver's license on his person."

The crucial question is whether the physical facts at the scene of the wreck, and the attendant facts and circumstances, which are circumstantial in nature, when considered in the light most favorable to the plaintiff, permit the legitimate and reasonable inference that defendant's intestate Dishman was driving his automobile at the time of the fatal wreck.

This crucial fact can be established by sufficient circumstantial evidence, either alone or in combination with direct evidence. *Pridgen v. Uzzell*, 254 N.C. 292, 118 S.E. 2d 755; *Bridges v. Graham*, 246 N.C. 371, 98 S.E. 2d 492.

Upon the facts of the instant case no rebuttable presumption or inference arises that Willie Mansfield Dishman was driving his automobile at the time of the fatal wreck. G.S. 20-71.1 raises no such presumption. *Parker v. Wilson*, 247 N.C. 47, 100 S.E. 2d 258; *Stegall v. Sledge*, 247 N.C. 718, 102 S.E. 2d 115.

What was said in the *Parker* case is controlling here: "When in a

---

JOHNSON *v.* FOX.

---

case like this, the plaintiff must rely on the physical facts, and other evidence, which is circumstantial in nature, to show that Donald Wilson was driving the automobile at the time of the wreck, he must establish attendant facts and circumstances which reasonably warrant such inference. *Whitson v. Frances,* 240 N.C. 733, 83 S.E. 2d 879; *Sowers v. Marley,* 235 N.C. 607, 70 S.E. 2d 670. Such inference cannot rest on conjecture or surmise. *Sowers v. Marley, supra.* 'The inferences contemplated by this rule are logical inferences reasonably sustained by the evidence, when considered in the light most favorable to the plaintiff.' *Whitson v. Frances, supra.* 'A cause of action must be something more than a guess.' *Lane v. Bryan,* 246 N.C. 108, 97 S.E. 2d 411. A resort to a choice of possibilities is guesswork, not decision. *Hanrahan v. Walgreen Co.,* 243 N.C. 268, 90 S.E. 2d 392. To carry his case to the jury the plaintiff must offer evidence sufficient to take the case out of the realm of conjecture and into the field of legitimate inference from established facts."

It may be guessed or conjectured that Dishman was driving his automobile at the time of the fatal wreck, but a resort to a choice of possibilities is guesswork and speculation not judicial decision. Considering plaintiff's evidence in the light most favorable to him, and giving him the benefit of every reasonable inference to be drawn therefrom *(Pridgen v. Uzzell, supra,)* the plaintiff has not offered evidence as to the driving of the automobile at the time of the fatal wreck by Dishman sufficient to take his case out of the realm of conjecture and into the field of legitimate inference from established facts. Therefore, the trial court correctly entered a judgment of involuntary nonsuit at the close of plaintiff's evidence.

Plaintiff relies on *Stegall v. Sledge, supra.* The facts are easily distinguishable. In the *Stegall* case plaintiff offered evidence to the effect that she had never had an operator's license, and could not drive an automobile. The cases of *Bridges v. Graham, supra,* and *Pridgen v. Uzzell, supra,* are also factually distinguishable. In each of these cases defendant's intestate was seen driving the automobile on a public road a short time before the fatal wreck, which occurred in the *Bridges* case on the same road some 10 or 12 miles from where Graham's intestate was seen driving it, and which occurred in the *Pridgen* case on the same road some 1.9 miles from where Uzzell's intestate was seen driving it.

The judgment of involuntary nonsuit is

Affirmed.