PINE STATE YARN MILLS, INC. v. THE TROUTMAN FOUNDRY. INC.

No. 7022SC214

(Filed 24 June 1970)

**1. Trial § 21— motion for nonsuit — consideration of evidence**

On motion for nonsuit the evidence must be taken in the light most favorable to the plaintiff.

**2. Fires § 3— origin of fire — circumstantial evidence**

Proof of the origin of fire may be established by circumstantial evidence.

**3. Fires § 3— sparks from smokestack as cause of fire — sufficiency of proof**

In order to recover for fire damage caused by negligence in permitting sparks to escape from a smokestack, it is not enough to show only that (1) the fire occurred and (2) defendant had a smokestack which in the past emitted sparks, but plaintiff must show that the fire in question originated due to a spark or sparks from defendant's smokestack.

**4. Trial § 22— inference upon an inference**

An inference of fact may not be based upon an inference.

**5. Fires § 3— negligence in causing fire — emission of sparks from smokestack — sufficiency of evidence**

Plaintiff's evidence was insufficient to be submitted to the jury on the issue of defendant's negligence in causing a fire which damaged plaintiff's building by permitting sparks to escape from its smokestack where it failed to show the cause of the fire or that smoke or sparks were emitted from defendant's smokestack on the date of the fire.

APPEAL by plaintiff from *Seay, J.,* 17 November 1969 Session of Superior Court held in IREDELL County.

This action is brought to recover damages for the burning of plaintiff's goods and part of its warehouse, alleged to have been caused by the negligence of defendant in negligently permitting fire to escape from its smokestack.

At the conclusion of plaintiff's evidence, a motion for judgment as of nonsuit was sustained. Plaintiff assigned error and appealed to the Court of Appeals.

*Woodson, Hudson & Busby by Donald D. Sayers for plaintiff appellant.*

*Raymer, Lewis & Eisele by Douglas G. Eisele, and Adams, Dearman & Pope by William P. Pope for defendant appellee.*

MALLARD, C.J.

Plaintiff asserts that the court erred in allowing defendant's motion for judgment as of nonsuit.

[1]   On motion for nonsuit the evidence must be taken in the light most favorable to the plaintiff. 7 Strong, N.C. Index 2d, Trial, § 21. When the evidence is so taken, the following facts appear: That the property owned by plaintiff was adjacent to that owned by defendant; that defendant's building was located approximately north of plaintiff's building; that defendant's smokestack was fifty-three feet from the northeast corner of plaintiff's building; that there was a fence between the smokestack and the plaintiff's building and a fence east of plaintiff's building extending north and south; that there was a railroad track east of this east fence; that there was high grass from the railroad track to plaintiff's east fence; that it was twenty-eight feet from the northeast corner of plaintiff's building to the fence east of the building; that "it is approximately 10 to 12 feet from the fence to the shoulder of the railroad"; that on 1 April 1966 the wind was blowing "to the south"; that during the months of March and February the defendant's smokestack emitted smoke and sparks about 1:00 p.m. every day; that a fire started at about 1:00 p.m. on 1 April 1966 and went down the railroad tracks "coming from the north and going in a southeast direction"; that the fire "had come in at a point about 28 feet from the north corner" of plaintiff's fence and after burning the dead grass between plaintiff's warehouse and the fence spread to plaintiff's warehouse; and that plaintiff's goods and warehouse were damaged by the fire. There was some evidence that defendant fired its "equipment" that day. However, the plaintiff offered no evidence that the "equipment" was fired before the fire occurred, and, more importantly, there was no evidence that any smoke or sparks emitted from defendant's smokestack on 1 April 1966.

[2, 3]   Proof of the origin of fire may be established by circumstantial evidence. *Phelps v. Winston-Salem,* 272 N.C. 24, 157 S.E. 2d 719 (1967). However, it is not enough to show only that (1) the fire occurred and (2) defendant had a smokestack which emitted sparks in the past. The plaintiff must show that the fire in question originated due to a spark or sparks from defendant's smokestack. *Phelps v. Winston-Salem, supra; Moore v. R. R.,* 173 N.C. 311, 92 S.E. 1 (1917); *Mfg. Co. v. R. R.,* 122 N.C. 881, 29 S.E. 575 (1898).

[4]   The plaintiff in this case takes the position that we should infer (1) that sparks emitted from defendant's smokestack and (2) that those sparks started the grass fire that subsequently injured

plaintiff's warehouse. It is settled law in North Carolina that an inference of fact may not be based upon an inference. *Petree v. Power Company*, 268 N.C. 419, 150 S.E. 2d 749 (1966); *Powell v. Cross*, 263 N.C. 764, 140 S.E. 2d 393 (1965); *Johnson v. Fox*, 254 N.C. 454, 119 S.E. 2d 185 (1961); *Lane v. Bryan*, 246 N.C. 108, 97 S.E. 2d 411 (1957).

[5] The question at issue is whether defendant's negligence can be inferred where there is no showing as to the cause of the fire or a showing of smoke or sparks emitting from the defendant's smokestack. In *Mfg. C. v. R. R., supra*, the Court said:

"(W)here plaintiff alleges that he has been injured by *fire* originating from sparks issued from defendant's locomotive, 'he must not only prove that the fire *might* have proceeded from defendant's locomotive, but must show by reasonable affirmative evidence that it did so originate.'"

In *Phelps v. Winston-Salem, supra*, the Court said:

"In order to go to the jury on the question of defendant's negligence causing the fire, plaintiffs must not only show that the fire *might* have been started due to the defendant's negligence, but must show by reasonable affirmative evidence that it *did* so originate. *Moore v. R. R., supra*. In *Lumber Co. v. Elizabeth City*, 227 N.C. 270, 41 S.E. 2d 761, the Court held that nonsuit was proper where the origin of the fire was left in speculation and conjecture.

This is an 'unexplained fire'. *Proof of the burning alone is not sufficient to establish liability, for if nothing more appears, the presumption is that the fire was the result of accident or some providential cause.* There can be no liability without satisfactory proof, by either direct or circumstantial evidence, not only of the burning of the property in question but that it was the proximate result of negligence and did not result from natural or accidental causes. 5 Am. Jur. 2d, 836." (Emphasis Added.)

The evidence in this case revealed that there were several smokestacks in the general area of plaintiff's warehouse; that children and others often walked along the railroad track; that workmen smoked outside the building; that there had been previous "unexplained" fires in the same grass; and that a railroad track was located next to the high grass.

In *Maguire v. R. R.*, 154 N.C. 384, 70 S.E. 737 (1911), fire occurred along the right-of-way next to the railroad track, but there

was no evidence that the locomotive using the track emitted sparks. The Supreme Court held that defendant's motion for nonsuit should be granted and said:

> "There was every opportunity for this fire to have originated from some other source as well as from defendant's engine. All that can be reasonably said is that the fire *may* possibly have been set out by the engine, and it is equally true that it may not."

In the case at bar the fire may possibly have been set by sparks emitted from defendant's smokestack, and it is equally true that it may not; the evidence presents a mere choice of possibilities and leaves the source of the fire in doubt.

The plaintiff has failed to show that the fire originated due to defendant's negligence. Consequently, the judgment of the superior court in granting the nonsuit is affirmed.

Affirmed.

MORRIS and GRAHAM, JJ., concur.