NATIONWIDE MUTUAL INSURANCE COMPANY v. SECURITY BUILDING
COMPANY, CAROLYN M. MEARES, AND CARL MEARES, JR.

No. 7815SC869

(Filed 19 June 1979)

1. **Fires § 3; Evidence § 47— path and origin point of fire—exclusion of opinion testimony**

    In an action to recover the amount of an insurance payment for fire damage to a home, the trial court did not err in refusing to allow plaintiff's witness to testify as to his opinion concerning the path the fire had taken and its point of origin where plaintiff made no attempt to qualify the witness as an expert, and where the facts known to the witness could have been clearly related to the jury and the jury was as well qualified as the witness to draw inferences and conclusions from the facts.

2. **Fires § 3— insufficient evidence of cause of fire**

    Plaintiff insurer's evidence was insufficient to permit the jury to find that a fire in a home built by defendants was caused by defendants' negligent construction of an ash dump in the home where it tended to show that the owner built a fire in the fireplace of the home, the next day he emptied the ashes from the fire into the ash dump, the following day a fire occurred in the area of the ash dump, defendants left an exposed wooden beam extending into the ash dump when they constructed the home, and the ash dump was constructed in such a manner as to leave four holes leading from the interior of the ash dump to a wooden support, but there was no direct evidence that the fire was caused by the presence of a hot coal or other burning material in the ash dump.

APPEAL by plaintiff from *Farmer, Judge*. Judgment entered 8 May 1978 in Superior Court, ORANGE County. Heard in the Court of Appeals 28 May 1979.

Charles James Branton and Delight Branton purchased a homeowner's insurance policy from the plaintiff, Nationwide Mutual Insurance Company. While that policy was in effect, a fire occurred in the Branton's home. Pursuant to the terms of the insurance policy, the plaintiff paid the Brantons $11,698.71 as compensation for damage to their home caused by the fire. The plaintiff instituted this action against the defendants seeking to recover the amount of that payment. The plaintiff's claim for relief was based upon allegations that the fire was proximately caused by the negligent construction of an ash dump in the Branton home by the defendants.

When the case was called for trial, the plaintiff presented evidence tending to show that the defendants had constructed the entire Branton home. The home contained a fireplace with a small door leading to an ash dump. The ash dump could be opened from a carport area in order to remove ashes created by fires in the fireplace.

The plaintiff's evidence further tended to show that between 2:00 p.m. and supper on 9 December 1974, Mr. Branton built a fire in the fireplace. Between noon and 2:00 p.m. the following day, he emptied the ashes from the previous day's fire into the ash dump. At approximately 2:10 p.m. on 11 December 1974, Mr. Branton discovered that the home was on fire. The fire was concentrated at that time in the area around the ash dump.

The plaintiff's evidence also tended to show that the defendants left an exposed wooden beam extending into the ash dump at the time they constructed the home. Additionally, the ash dump was constructed in such a manner as to leave four holes leading from the interior of the ash dump to a wooden support.

At the close of the plaintiff's evidence, the defendants moved for a directed verdict. The trial court found the plaintiff's evidence insufficient to be submitted to the jury and entered judgment granting the defendants' motion. The plaintiff appealed.

*Bryant, Bryant, Drew & Crill, P.A., by Victor S. Bryant, Jr., for plaintiff appellants.*

*Midgette, Page and Higgins, by Keith D. Lembo and Thomas D. Higgins III, for defendant appellees.*

MITCHELL, Judge.

[1] The plaintiff first assigns as error the trial court's refusal to allow one of the plaintiff's witnesses to testify as to his opinion concerning the path the fire had taken and its point of origin. Generally, the opinion of a witness is inadmissible "whenever the witness can relate the facts so that the jury will have an adequate understanding of them and the jury is as well qualified as the witness to draw inferences and conclusions from the facts. If either of these conditions is absent, the evidence is admissible." 1 Stansbury's N.C. Evidence § 124, p. 388 (Brandis rev. 1973).

Therefore, if both those conditions existed, the trial court did not err in refusing to allow the witness to give his opinion.

The facts known to the witness could have been clearly related to the jury. The witness could have described to the jury, for example, where he found charred wood, where the charring was most severe, and the perimeter of the charring. It would have been neither impossible nor impracticable for him to describe those facts in detail. *See generally* 1 Stansbury's N.C. Evidence § 125 (Brandis rev. 1973). Additionally, no evidence was offered tending to show that the witness had any special knowledge or expertise which would have made him better qualified than the jury to draw inferences from those facts. Therefore, the witness' testimony concerning his opinion was inadmissible.

In addition, the plaintiff made no attempt to qualify the witness as an expert. Nothing in the record on appeal indicates that the defendants stipulated that the witness was an expert. The witness was not tendered to the trial court as an expert, and the court made no finding concerning whether he was an expert. In such situations, it is not error to sustain an objection to a question calling for the witness to give his opinion. *Dickens v. Everhart*, 284 N.C. 95, 199 S.E. 2d 440 (1973). This assignment of error by the plaintiff is overruled.

The plaintiff next assigns as error the trial court's refusal to allow one of the plaintiff's witnesses to testify as to his opinion concerning whether the ash dump in the Branton home complied with the North Carolina Residential Building Code. When the witness was asked whether he had an opinion, he was allowed to answer the question for the record and out of the presence of the jury. The witness answered "No." As the witness did not have an opinion, any error in excluding that answer from evidence was harmless beyond a reasonable doubt. Therefore, the assignment of error is overruled.

[2] The plaintiff finally assigns as error the action of the trial court in granting the defendants' motion for a directed verdict at the close of the plaintiff's evidence. A defendant's motion for a directed verdict should be granted when it appears as a matter of law that the plaintiff cannot recover upon any view of the facts which the evidence reasonably tends to establish. *See Manganello*

*v. Permastone, Inc.*, 291 N.C. 666, 231 S.E. 2d 678 (1977). Although the plaintiff contends that its evidence was sufficient to support a jury verdict in its favor, we do not agree.

In order for the plaintiff to recover on its claim for relief based upon negligence, it was required to present evidence tending to show that the negligence of the defendants was the proximate cause of its injury. *McGaha v. Smoky Mountain Stages, Inc.*, 263 N.C. 769, 140 S.E. 2d 355 (1965); W. Prosser, Torts § 41 (4th ed. 1971). The plaintiff's evidence concerning the proximate cause of the fire reasonably tended to establish that Mr. Branton built a fire in the fireplace of his home on 9 December 1974. The following day, he swept the ashes from that fire into the ash dump. Mr. Branton described those ashes and his disposal of them as follows:

> When I dumped them it looked like ashes and pieces of dark coals, but it didn't appear to be hot. I saw no glowing coals and I did not see any smoke coming from the area. I opened the ash dump in the fireplace and swept the ashes into the dump. I used a broom approximately three feet long and the ashes were about three or four feet from me.

> At the time I swept the ashes into the ash dump, I am sure I could feel heat, but I don't know where it was coming from. I am sure the inside of the fireplace was still warm from the fire. The ashes that I swept into the dump looked like a very light gray powder, except for a few little pieces of charred wood laying around. I couldn't tell if there was any fire.

The plaintiff's evidence further tended to reasonably establish that a fire occurred in the area of the ash dump on the following day.

The plaintiff presented no direct evidence that a hot coal or other burning material was swept into the ash dump. The plaintiff's evidence would support, however, a reasonable inference to that effect. Pursuing the chain of events one step further, there was no direct evidence that the fire was caused by the presence of a hot coal or other burning material in the ash dump.

The plaintiff contends that, based upon the reasonable inference that a hot coal was placed in the ash dump, the jury

should be allowed to infer further that the hot coal came into contact with an exposed wooden beam which the defendant negligently left extending into the ash dump or that the hot coal traveled through a hole in the wall of the ash dump and became lodged against a wooden support and proximately caused the fire. While it is entirely possible that the fire was caused in one of these ways, the plaintiff's contention is without merit. An inference that a hot coal came into contact with combustible wood and started a fire cannot be based upon a mere inference that there was in fact such a hot coal. It is settled law in North Carolina that one inference of fact may not be based upon another inference. *Petree v. Power Company*, 268 N.C. 419, 150 S.E. 2d 749 (1966); *Mills, Inc. v. Foundry, Inc.*, 8 N.C. App. 521, 174 S.E. 2d 706 (1970). Since there was no evidence introduced from which the jury could be allowed to infer that the fire in the Branton home was proximately caused by the defendants' negligence, the plaintiff was precluded as a matter of law from recovering anything from the defendants. Therefore, the trial court properly granted the defendants' motion for a directed verdict and the assignment of error must be overruled.

For the reasons previously set forth, the judgment of the trial court is

Affirmed.

Judges PARKER and MARTIN (Harry C.) concur.