## JOANNA V. SPENCE v. THE LAKE DRUMMOND CANAL COMPANY.

### (Filed 24 February, 1909.)

**Evidence—Damages—Exceptions—Harmless Error.**

Defendant's exception that under a certain issue permanent damages were awarded plaintiff, when from the character of the injury, or otherwise, the plaintiff was entitled to recover damages, cannot be to defendant's prejudice, and it is not reversible error on his appeal.

ACTION tried before *Ward, J.,* and a jury, at Fall Term, 1908, of CAMDEN.

The jury rendered the following verdict:

1. "Is the plaintiff the owner in fee simple of the lands described in the complaint?" Answer: "Yes."

2. "Did defendant dig out and widen its canal and wrongfully throw dirt, sand and mud on plaintiff's land and thereby permanently injure the lands of plaintiff, as alleged?" Answer: "Yes."

3. "What permanent damage, if any, has plaintiff sustained thereby?" Answer: "Three hundred and fifty dollars."

Motion for new trial; overruled. Defendant excepted.

Judgment on the verdict for plaintiff, and defendant excepted and appealed.

*Aydlett & Ehringhaus* for defendant.
No counsel *contra.*

PER CURIAM: The Court is unable to perceive any error in the proceedings below to the defendant's prejudice. As we understand the evidence, it tended to show that defendant, in cutting a ditch on its own right of way, threw and carried the mud, etc., on the side of the ditch and out and over the plaintiff's lands, rendering several acres entirely worthless and causing other damage to plaintiff's property.

The court, in charging the jury, restricted the plaintiff's recovery to the wrong, as indicated, telling them that plaintiff could only recover for wrongfully causing mud, sand and water

SAMPLE *v.* LUMBER CO.

to flow over on plaintiff's land and injure it. The defendant did not seriously contend before us that this was not a legitimate subject for recovery, but seemed to object for that plaintiff was allowed to recover as for permanent damages. It may be that the amount recovered in this present case should not be considered and termed permanent damages, but the court only allowed recovery to the extent of the wrong actually inflicted, and the insertion of the word "permanent" would seem to make for defendant's benefit, as the effect, if any is allowed, would be to justify a repetition of the act, without further complaint, to the extent that the land has been heretofore covered and destroyed.

There is no error to defendant's prejudice, certainly in the use of the term in the issue, and the judgment below is therefore affirmed.

No Error.