H. M. ROBERTS et al. v. J. J. BALDWIN.

(Filed 8 December, 1909.)

1. Surface Waters—Diverting Natural Flow—Damages.
    One is liable for damages caused to the lands of another by his diverting the natural flow of surface water thereto.

2. Same—Limitation of Actions—Permanent Damages—Easement.
    The damage caused to the lands of another by the unlawful diverting of surface water thereon by means of a ditch is not

barred by the three-year statute of limitation from the time the ditch was dug. The trespass is not continuing, but the irregular downpouring of the water upon the land, in varying quantities, to the injury of the land, and the recovery of damages is limited to those accruing within three years prior to the commencement of the suit, both as to annual or permanent damages, unless by acquiescence for twenty years the presumption of a grant or easement arises.

APPEAL from *J. S. Adams, J.,* May Term, 1909, of HENDER-SON.

This was an action for the recovery of damages for the unlawful diversion of surface water from his lands, by means of a ditch constructed by defendant, to the lands of the plaintiff, and the plaintiff sought to recover annual damages for the loss of crops and also for permanent damages to the land.

His Honor, at the close of the plaintiff's evidence, intimated that he would charge the jury that if they believed the evidence the plaintiff's cause of action was barred by the statute of limitations. The plaintiff submitted to a nonsuit and appealed.

*Staton & Rector, O. V. F. Blythe* and *C. F. Toms* for plaintiff.
*Bartlett Shipp* for defendant.

CLARK, C. J., after stating the facts: In *Rice v. Railroad,* 130 N. C., 376, *Douglas, J.,* says that the doctrine has been thus generally stated: "No one can divert water from its natural flow, so as to damage another. They (the upper proprietors) may *increase and accelerate, but cannot divert. Hocutt v. Railroad,* 124 N. C., 214; *Mizzell v. McGowan,* 120 N. C., 138; *s. c.,* 125 N. C., 444; *s. c.,* 129 N. C., 93; *Lassiter v. Railroad,* 126 N. C., 509; *Mullen v. Canal Co.,* 130 N. C., 502." To the same effect are many other cases, among them *Staton v. Railroad,* 109 N. C., 337; *Jenkins v. Railroad,* 110 N. C., 446; *Fleming v. Railroad,* 115 N. C., 696; *Parker v. Railroad,* 119 N. C., 687; *Mizzell v. McGowan,* 120 N. C., 138; *Clark v. Guano Co.,* 144 N. C., 76; *Briscoe v. Parker,* 145 N. C., 17, and there are others.

The defendant pleaded the three-years statute of limitations and relied upon Revisal, sec. 395 (3): "Action for trespass upon real property. When the trespass is a continuing one, such action shall be commenced within three years from the original trespass, and not thereafter." His Honor erred in sustaining the plea. This is not a continuing trespass. It is irregular, intermittent and variable, dependent upon the rainfall as to quantity of water poured upon the plaintiff's land, and in frequency of occurrence. It is true the ditch, which was dug more than three years before suit brought, has been continuously

there, but that is on the defendant's land. The trespass is the pouring-down of water upon the plaintiff's land, which comes down at irregular periods and in varying quantities, to the injury of his crops and land. The plaintiff can recover for any injury, caused by water diverted from its natural course, within three years before the action began.

A case exactly in point is *Spilman v. Nav. Co.*, 74 N. C., 675, where the Court held that an action to recover damages to the plaintiff's land, caused by flowing water upon it and sobbing it by seepage from the dilapidated condition of the defendant's canal, was not barred by the above-cited three-years statute, although the first flooding occurred more than three years before suit brought. In that case the land was sobbed every day continuously by the oozing and percolation of the water from the canal, yet the Court held that it was not a continuing trespass. Indeed, *Judge Reade* says in his opinion that to liken the injury to the land in such cases to that sustained by laming a horse, which continued lame, was "an amusing fallacy which is worth preserving." The counsel who presented that "fallacy" was the writer of this opinion.

In the present case the water does not pour down daily and hourly upon plaintiff's land, damages for which even would not be barred (*Spilman v. Nav. Co., supra*), but only after each rain. The trespass is not a continuing one, for it does not accrue from a completed act done more than three years ago, but by floodings repeatedly occurring within that time.

"Until by acquiescence in such flooding for twenty years the presumption of the grant of an easement arises, an action will always lie." *Parker v. Railroad,* 119 N. C., 685; *Geer v. Water Co.,* 127 N. C., 353. Of course, however, the recovery in such actions is limited to damages accruing within three years prior to suit brought. We think this action was not barred, either as to such annual or permanent damages as accrued within that period.

Reversed.