A. F. DUVAL v. THE ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 5 March, 1913.)

1. **Railroads—Construction of Road—Permanent Damages—Limitations of Actions.**

    The provisions of our statute, relating only to railroads, that no suit, etc., shall be brought against them for damages caused by the construction of their road, etc., unless the same "shall be commenced within five years after the cause of action accrues, and the jury shall assess the entire amount of damages which the party aggrieved is entitled to recover by reason of the trespass on his property," contemplates that any and all damages arising by reason of construction of a railroad or repairs thereto is barred after five years.

2. **Same — Subsequent Negligence — Increased Damages — Ponding Water—Questions for Jury.**

    Where a railroad company, in constructing its road, more than five years before the commencement of the action, has constructed an insufficient culvert to carry off the water, causing it to pond upon plaintiff's land to his damage, and there is further testimony that, within that period, the defendant had allowed the culvert to fill with mud and trash, stopping it up, and greatly increasing the damage to his land, the court upon the additional testimony cannot hold that the plaintiff's cause of action is barred.

3. **Same—Interpretation of Statutes.**

    The five-year statute of limitations, applying to damages caused to lands by a railroad company in constructing its road, is inapplicable where the injury complained of is caused by its negligent failure to keep open a culvert it had there constructed,

causing further damage to lands by the ponding of water thereon, for this additional damage is a wrong of a different character than that contemplated by the statute.

4. **Railroads—Negligent Construction—Damages—Ponding Water—Subsequent Negligence.**

Where a railroad company has built a culvert under its road to carry off the water, and thereafter has permitted this culvert to become stopped with mud and trash so as to cause further damage to plaintiff's land by the ponding of water thereon, the plaintiff's cause of action comes within the principle of a renewing trespass.

5. **Same—Limitation of Actions.**

Where the injury to lands caused by wrongfully ponding or diverting water on the lands of another is regarded as a renewing rather than a continuing trespass, the damages accruing within three years next before action brought can be recovered, though the injury may have taken its rise at a more remote period of time, unless sustained in a manner and for sufficient length of time to establish an easement.

APPEAL by defendant from *Foushee, J.,* at April Term, 1912, of JONES.

Civil action to recover damages for wrongfully ponding water on plaintiff's land, by reason of a culvert and defects therein under defendant's roadbed. The jury rendered the following verdict:

1. Have the lands and crops of the plaintiffs been damaged by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

2. If so, in what amount? Answer: $200.

3. Is the plaintiff's cause of action barred by the five-year statute of limitations? Answer: No.

Judgment on the verdict, and the defendant excepted and appealed, assigning for error, chiefly, that the court did not rule that, on the entire testimony, if believed, plaintiff's cause of action was barred by the five-year statute of limitations.

*D. L. Ward and J. K. Warren for plaintiff.*
*Rouse & Land for defendant.*

HOKE, J., after stating the case: As a general rule, and in suits between parties other than railroads, the injury caused

by wrongfully ponding or diverting water on the lands of another, causing damage, is regarded as a renewing rather than a continuing trespass, and, unless sustained in a manner and for sufficient length of time to establish an easement, damages therefor, accruing within three years next before action brought, can be recovered, though the injury may have taken its rise at a more remote period. *Baldwin v. Roberts,* 155 N. C., 276, opinion by *Associate Justice Allen;* and same case 151 N. C., 407, opinion by *Chief Justice Clark; Spilman v. Navigation Co.,* 74 N. C., 675. This doctrine has been changed, in respect to railroads, by statute, Code, sec. 394, and, as more especially relevant to the facts presented, subdiv. 2 of said section provides as follows: "No suit, action, or proceeding shall be brought or maintained against any railroad company by any persons for damages caused by the construction of said road, or the repairs thereto, unless such suit, action, or proceeding shall be commenced within five years after the cause of action accrues, and the jury shall assess the entire amount of damages which the party aggrieved is entitled to recover by reason of the trespass on his property." From a perusal of this section it appears that any and all damages arising by reason of construction of a railroad or repairs thereto is barred after five years. Construing the section, the Court has several times held that for such an injury recovery must be for the entire wrong, and the cause of action accrues when the first substantial injury is caused by reason of any structure of the railroad of a permanent nature. *Campbell v. R. R.,* 159 N. C., 586; *Stack v. R. R.,* 139 N. C., 366. There was testimony on part of plaintiff that the roadbed was constructed in 1893 or '94; that the culvert complained of had never been sufficient to carry off the water and had always caused substantial damage to plaintiff's land by wrongfully ponding the water upon it. Under the authorities cited, therefore, if this were all the testimony relevant to the question presented, we would be constrained to hold that plaintiff's cause of action was barred; but there is further testimony in the record to the effect that in 1898 the defendant had allowed the culvert to fill with mud and trash, stopping it up, and since that time the damage to his land had greatly

increased. Owing to this additional testimony, the court could not hold that, on the entire evidence, if believed, plaintiff's cause of action is barred. The statute refers to the construction of the road as designed by defendant's engineers and properly maintained, and, if defendant negligently fails to keep a culvert opened, which was built as a part of the road structure, and, by reason of such failure, a proprietor's land is damaged, this is a wrong of a different character, which withdraws the case from the operation of the statute, and, unless treated by the parties as a trespass causing permanent injury, as in *Ridley v. R. R.*, 118 N. C., 996, the plaintiff's cause of action would come within the principle first stated, that of a renewing trespass. *Hocutt v. R. R.*, 124 N. C., 214.

We find no reversible error in the record, and the judgment in plaintiff's favor must be affirmed.

No error.