## J. P. DAVÉNPORT v. PITT COUNTY DRAINAGE DISTRICT No. 2.

### (Filed 29 October, 1941.)

**1. Drainage Districts § 3: Limitation of Actions § 6—**

Allegations that a drainage district failed to cause a canal to follow the channel of a creek as originally planned and stopped the canal on the lands of the plaintiff, and failed to keep the mouth of the channel properly cleared out, resulting in plaintiff's land being flooded, commencing immediately after the canal was finished and continuing practically every year thereafter, states a cause of action for continuing trespass, and the right of action for damages to crops for all the years is barred after the lapse of three years from the original trespass. C. S., 441 (3).

**2. Trespass § 1e—**

A wrongful or negligent flooding or ponding water on the lands of another constitutes a trespass upon the lands.

**3. Drainage Districts § 2—**

A drainage district is a corporation, and as any other corporation, public or private, cannot be bound by the acts of its officials or agents acting separately or individually. C. S., 1290.

**4. Same—**

The burden is upon plaintiff alleging a contract with a drainage district to establish the validity of the alleged contract, and a contract signed by the drainage commissioners is incompetent against the district in the absence of any evidence of formal corporate action authorizing its execution.

**5. Same—**

A drainage district, being a *quasi*-public corporation created for the public benefit, is without power to contract with an individual landowner within the district as to the manner in which the ditches and canals should be cut and maintained, since it cannot give special or particular rights to one landowner not enjoyed by all landowners similarly situated in the district, or contract in any manner which would interfere with the performance of its duties to the public generally, and such contract is void and its breach cannot be made the basis of a suit against the district.

APPEAL by plaintiff from *Carr, J.,* at May Term, 1941, of PITT. Affirmed.

The defendant is a drainage district created and existing under and by virtue of ch. 442, Public Laws 1909, and ch. 67, Public Laws 1911, and acts amendatory thereof (N. C. Code of 1939 [Michie], secs. 5312, *et seq.*), and the plaintiff is a landowner in such district.

The complaint alleges that the plaintiff suffered damages by reason of the negligent construction of a canal and by the breach of a continuing contract between the defendant and plaintiff wherein the defendant

DAVENPORT *v.* DRAINAGE DISTRICT.

agreed to cut and maintain a lateral ditch to properly drain plaintiff's lands and to open the mouth of said canal and keep it open, all of which resulted in the plaintiff's lands being flooded, soaked and sogged and his crops being injured.

The answer denies the allegations of negligence and of breach of contract, and pleads the ten and three-year statutes of limitations in bar of any recovery by the plaintiff.

When the plaintiff had introduced his evidence and rested his case the defendant moved for a judgment as in case of nonsuit (C. S., 567). This motion was allowed as to "all causes of action set up in the complaint, except plaintiff's action for damages to his crops occurring within the three-year period next preceding the commencement of this action." At the conclusion of all the evidence the defendant renewed its motion for judgment as in case of nonsuit of action for damages to crops, which motion was allowed, and from judgment nonsuiting and dismissing the action plaintiff appealed, assigning errors.

*J. B. James and Julius Brown for plaintiff, appellant.*

*F. M. Wooten, F. M. Wooten, Jr., and Albion Dunn for defendant, appellee.*

SCHENCK, J. Since the plaintiff took no .exception to the court's ruling at the close of his evidence sustaining defendant's motion for judgment as of nonsuit for "all causes of action set up in the complaint, except plaintiff's action for damages to his crops occurring within the three-year period next preceding the commencement of the action," and since the plaintiff testified, "I am not claiming any damages for 1939 and 1937," and since the action was commenced 23 February, 1940, we are concerned only with the alleged causes of action in so far as they relate to damages to plaintiff's crops in 1938.

We will first consider the action based upon the alleged negligence of the defendant. The negligence alleged, of which there is any evidence, is the failure to cause the canal to follow the channel of Grindle's Creek, as originally planned, and the stopping of the canal on the lands of the plaintiff, and the failure to keep the mouth of the canal properly cleared out, thereby causing the water to overflow and pond upon the lands of the plaintiff resulting in damages to his crops.

According to plaintiff's own testimony, this overflow and ponding of water on his land commenced immediately after 'the canal was finished in 1923, and continued practically every year following through 1936, and occurred again in 1938, but did not occur in 1939.

The defendant pleads the three-year statute of limitations as a bar to any recovery for damages alleged to have occurred in 1938. Any

wrongful or negligent flooding and ponding of water on the plaintiff's lands was a trespass on his real property which originated in 1923 and continued on through 1938, and any cause of action resulting from such a continuing trespass accrued in 1923, and was therefore barred in 1940 when this action was commenced.

When a trespass on real property is a continuing one, an action therefor shall be commenced within three years from the original trespass, and not thereafter. C. S., 441 (3).

"If we view the negligence or wrongful conduct complained of as a continuing omission of duty toward the plaintiff in permitting the logs, laps, and trestles to remain in the condition described, and a source of probable injury to plaintiff's land by causing obstructions in the river and consequent overflow, in order to repel the bar of the statute of limitations it must affirmatively appear from the evidence that these conditions were under control of the defendant, and the breach of duty with reference thereto had taken place some time within the period of three years preceding the injury. C. S., 441. The law will not permit recovery for negligence which has become *a fait accompli* at a remote time not within the statutory period, although injury may result from it within the period of limitation." *Hooper v. Lumber Co.,* 215 N. C., 308, 1 S. E. (2d), 818.

We therefore conclude that his Honor's holding that any cause of action bottomed upon the alleged negligence of the defendant was barred by the statute of limitations was correct.

Any cause of action bottomed upon an alleged breach of contract by the defendant is likewise untenable for the reason that the contract alleged was not properly proven and, even if it had been so proven, it is *ultra vires* and void. The alleged contract, dated in September, 1928, and signed by the three drainage district commissioners and the plaintiff, after reciting a deviation in the construction of the canal from the channel of the old creek as originally planned, which deprived the plaintiff's lands of proper drainage, and the failure to keep the mouth of the canal free from rubbish and obstruction, which caused the water to overflow and pond upon the plaintiff's lands, resulting in damages to his crops, provides that:

"Now, therefore, the above named commissioners of Pitt County Drainage District No. 2 hereby covenant, contract and agree to cut and maintain said lateral ditch along the lines of the old creek run, of sufficient size and length to properly drain the above lands into the main canal; and do further covenant, contract and agree to properly and adequately have opened the mouth of the canal and to properly keep open the same.

"And the said J. P. Davenport, owner of said land, in consideration of the above, and upon the performance of the same, does release said Pitt County Drainage District No. 2 from any and all liability to date to him by reason of said canal in (not) having been cut to follow in general the run of the old creek, and for permitting the mouth of said canal, as cut, to remain obstructed."

It will be noted that it nowhere appears in the record that the foregoing alleged contract was ever authorized by the defendant corporation. All the evidence tends to prove is that the instrument was signed by the drainage commissioners. There is no evidence of any direction or authorization of such action at a formal meeting of the governing authority of the corporation. "The members of a corporation cannot, separately and individually, give their consent in such manner as to bind it as a collective body, for, in such case, it is not the body that acts; and this is no less the doctrine of the common than of the Roman Civil Law." *Duke v. Markham,* 105 N. C., 131, 10 S. E., 1017; *Everett v. Staton,* 192 N. C., 216, 134 S. E., 492. "As a rule authorized meetings are prerequisite to corporate action based upon deliberate conference and intelligent discussion of proposed measures. 7 R. C. L., 941; 15 C. J., 460; 43 C. J., 497; *P. & F. R. Ry. Co. v. Comrs. of Anderson County,* 16 Kan., 302; *Kirkland v. State,* 86 Fla., 84. The principle applies to corporations generally, and by the express terms of our statute, as stated above, every county is a corporate body. C. S., 1290; *Duke v. Markham,* 105 N. C., 131; *Hill v. R. R.,* 143 N. C., 539; *Everett v. Staton,* 192 N. C., 216." *O'Neal v. Wake County,* 196 N. C., 184, 145 S. E., 28. The burden of establishing the validity of the alleged contract in the case at bar rested upon the plaintiff and in the absence of any evidence of formal corporate action authorizing its execution it was not only invalid but incompetent as evidence.

Furthermore, even though the absence of evidence of the alleged contract having been authorized by formal corporate action be overlooked, the contract by its very terms is plainly *ultra vires* and therefore void. The statute, sec. 19, ch. 442, Public Laws 1909 (N. C. Code of 1939 [Michie], sec. 5337), provides that the Board of Drainage Commissioners when appointed shall have the right "to hold property and convey the same, to sue and be sued, and shall possess such other powers as usually pertain to corporations." Being a *quasi*-public corporation, created for the "public benefit"; the powers usually pertaining to such corporations would not authorize a drainage district to enter into a contract that would give special or particular rights or claims to one landowner in the drainage district that is not enjoyed by all landowners similarly situated. "Corporations for public objects, to which large powers are given to enable them to accommodate the public and upon which public duties

are imposed for the benefit of the community, are generally held to be disabled to do any act which would amount to a renunciation of their duty to the public or which would directly and necessarily disable them from performing it." Am. Jur., Corporations, par. 805, p. 819.

Being of opinion against the plaintiff on both causes of action alleged, we affirm the judgment, as in no view of the facts, giving the plaintiff the most favorable construction of the evidence, can he recover.

Affirmed.