BERTHA LITTLE TATE ET AL. v. WESTERN CAROLINA POWER CO.

(Filed 13 April, 1949.)

**Eminent Domain § 21a—Action held one in tort for continuing trespass and was barred by the three-year statute of limitations.**

Plaintiffs alleged that the construction by defendant of a dam caused the retardation of the current of streams draining plaintiffs' land, which resulted in progressive injury to plaintiffs' land from improper drainage, the first substantial damage having occurred seventeen years prior to the institution of the action. It was alleged that the dam required no maintenance but that its mere construction was the cause of the injury. *Held:* The action being limited to "injury and damage" caused by the "construction" of the dam, rests in tort, and the trespass being continuous rather than a renewing or intermittent one, and the action not being to recover for an appropriation of plaintiffs' property or an easement therein by reason of the operation of the dam, the action is barred by the three-year statute of limitations pleaded by defendant. G.S. 1-52 (3).

WINBORNE and ERVIN, JJ., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *Patton, Special Judge,* October Term, 1948, of CALDWELL.

Civil action for damages to plaintiffs' farm lands, alleged to have been caused by the construction of the Rhodhiss Dam and Reservoir on the Catawba River.

There is allegation and evidence tending to show that the plaintiffs are the owners of two farms in Caldwell County, situate on Lower and Little Creeks, natural tributaries of Johns River, which latter stream flows into the Catawba River some miles above the Rhodhiss Dam.

This dam was built or constructed in 1924-1925, and is approximately eighteen miles down stream from plaintiffs' lands. It is 70 feet high. The dam and reservoir were erected by the defendant in the exercise of its *quasi*-public franchise to generate hydroelectric power for sale to the public. The reservoir was first filled with water in February, 1926. (These dates are different from those appearing in the case of *Power Co. v. Hayes,* 193 N.C. 104, 136 S.E. 353, where the same dam and reservoir were under consideration.) The headwaters of this reservoir come within 3½ miles of one of plaintiffs' farms and about 4½ miles of the other.

The water in the reservoir is from 23 to 26 feet lower in elevation than the waters in Lower and Little Creeks. "The pond is 21 feet lower than the lower line of the Little Place."

It is further in evidence that since 1928 plaintiffs' lands have gradually become wet, soggy and unfit for cultivation because of the retardation of the current in Lower Creek, which has caused sand and silt to be

deposited in the bed of the stream, and it is alleged that this condition will become "progressively worse"; that the first substantial injury or appreciable damage to plaintiffs' lands occurred in 1928, and that this action was instituted 12 June, 1945.

The gravamen of the complaint is that the "injury and damage" to plaintiffs' farms were "directly, proximately and solely caused by the defendant's construction of the Rhodhiss Dam and Reservoir . . .; that in constructing said dam under the power of eminent domain and in causing said dam to become and remain non-abatable, the defendant became liable for all damages thereafter occurring to said farms as direct and proximate result of the presence of said Rhodhiss Dam . . .; that said dam does not require any maintenance whatever, but that the mere construction of said dam and the way it was built for the purpose for which it was built guarantees and assures its perpetual existence and maintenance"; wherefore plaintiffs pray that "permanent damages be assessed and paid to them for the wrongful taking and appropriation of portions of said farms" . . . with . . . "interest at the legal rate of 6% upon the compensation due them from the time of such wrongful taking" . . . which . . . "occurred sometime ago."

It was also made to appear that in 1932 the defendant transferred and conveyed to Duke Power Company all remaining rights, easements and property acquired and held by it in connection with the dam and reservoir in question.

The defendant denied liability and pleaded the three-year and the ten-year statutes of limitation. Also that more than 20 years had intervened between the construction of the dam and the institution of the present action.

From judgment of nonsuit entered at the close of plaintiff's evidence, they appeal, assigning errors.

*Guy T. Carswell, Frank H. Kennedy, Folger L. Townsend, and Carl Horn, Jr., for plaintiffs, appellants.*

*W. S. O'B. Robinson, Jr., W. B.. McGuire, Jr., and Proctor & Dameron for defendant, appellee.*

STACY, C. J. This case, in its cast and setting, seems to be without any exact prototype. Consequential damages resulting from an original trespass are sought to be assimilated to compensation for an incidental easement. While form may be immaterial so long as it leads to recovery, nevertheless it becomes important on the issue of laches or the plea of the statute of limitations.

The plaintiffs have alleged and say they have offered evidence tending to show a continuing trespass since 1928 as a result of the erection of the

Rhodhiss Dam and Reservoir in 1924-1925, and the consequent retarda-
tion of the flow in the upper waters of Lower and Little Creeks. *Camp-
bell v. R. R.*, 159 N.C. 586, 75 S.E. 110. Without discussing the suffi-
ciency of the evidence to support these allegations, we pass to what both
sides have elected to consider the battleground of debate.

There is neither allegation nor proof of an entry upon the lands of the
plaintiffs for the purpose of appropriating them to a public use; nor of
ponding water thereon. *Duval v. R. R.*, 161 N.C. 448, 77 S.E. 311. The
headwaters of the defendant's reservoir do not reach within three miles
of the plaintiffs' farms.

The complaint sets out a consequential injury or secondary result, and
not a direct trespass or a taking as that term is used in the cases, though
so designated once or twice in the pleading. The defendant never sought
to condemn the lands of the plaintiffs, or to impose an easement thereon,
does not want either except as a necessary consequence, and denies that
it ever injured or damaged them in any way. Compensation is recover-
able for a lawful appropriation, damages for a tort. It is contended,
however, that the plaintiffs may waive the tort and sue in contract or
*assumpsit*. Not so, after the bar of the original action, for then there is
no actionable tort to waive. Nor would such waiver avail the plaintiffs
unless the tort amount to a taking of their property or the imposition of
an easement thereon. *Query v. Tel. Co.*, 178 N.C. 639, 101 S.E. 390.

The case is not like *Love v. Tel. Co.*, 221 N.C. 469, 20 S.E. 2d 337,
or *Teeter v. Tel. Co.*, 172 N.C. 783, 90 S.E. 941, cited by plaintiffs, for
in each of these cases there was an entry upon the land of the plaintiff
and an appropriation of it to the defendant's use. Here, the plaintiffs
have predicated their action solely on the original construction of the
dam and reservoir—structures permanent in nature and erected in the
exercise of a *quasi*-public franchise. *Sample v. Lumber Co.*, 150 N.C.
160, 63 S.E. 729; *Teeter v. Tel. Co., supra*. Note, the complaint is
limited to "injury and damage" caused by the "construction" of the
Rhodhiss Dam and Reservoir and to damages thereafter occurring to
plaintiffs' farms as a direct and proximate result of "the presence of said
Rhodhiss Dam," which dam, it is alleged, was so constructed as to require
no "maintenance whatever." Consequently, no fresh act of injury there-
after occurring has been alleged or is sought to be shown. *Caveness v.
R. R.*, 172 N.C. 305, 90 S.E. 244. This eliminates any consideration of
a renewing, intermittent and recurring trespass. *Duval v. R. R., supra;
Roberts v. Baldwin*, 155 N.C. 276, 71 S.E. 319; *Spilman v. Navigation
Co.*, 74 N.C. 675. The plaintiffs have carefully refrained from asking
for damages occurring within three years prior to suit brought, *Roberts
v. Baldwin*, 151 N.C. 407, 66 S.E. 346, and are seeking to hold the de-
fendant under its franchise for the original trespass as all its interest in

the dam and reservoir was transferred and conveyed to the Duke Power Company in 1932. *Logan v. R.R.,* 116 N.C. 940, 21 S.E. 959; *Campbell v. R. R., supra.*

Nor are the cases of *Clinard v. Kernersville,* 215 N.C. 745, 3 S.E. 2d 267, and *Dayton v. Asheville,* 185 N.C. 12, 115 S.E. 827, applicable to the facts of the instant record. In each of these cases, there was evidence of polluted air or stream, causing direct injury, which amounted to a "taking or appropriation" of the plaintiff's land for a public purpose. Accordant: *Rhodes v. Durham,* 165 N.C. 679, 81 S.E. 938; *Pumpelly v. Canal Co.,* 80 U.S. 166, 20 L. Ed. 557.

It is provided by G.S. 1-52 (ss. 3), that for a continuing trespass on real property, "the action shall be commenced within three years from the original trespass, and not thereafter." Clearly, the consequential trespass resulting from the retardation of the flow of the waters in Lower and Little Creeks, which the plaintiffs say began in 1928 and thereafter remained constant, is barred by this statute—the question of a direct "taking or appropriation" being out of the case or put to one side. *Davenport v. Drainage Dist.,* 220 N.C. 237, 17 S.E. 2d 1; *Cherry v. Canal Co.,* 140 N.C. 422, 53 S.E. 138; *Stack v. R. R.,* 139 N.C. 366, 51 S.E. 1024.

It follows, therefore, that the action was properly dismissed as in case of nonsuit.

Affirmed.

WINBORNE and ERVIN, JJ., took no part in the consideration or decision of this case.