VERNON POWELL v. MRS. THOMAS CROSS, JR., MR. THOMAS CROSS, JR., AND STEPHEN M. GINELEWICZ.

(Filed 24 February, 1965.)

**1. Evidence § 54—**

When a party calls a witness he represents that the witness is worthy of belief, and while he may show the facts to be otherwise than as testified to by the witness, in the absence of evidence sufficient to show the contrary as a logical conclusion, and not merely raising a conjecture with respect thereto, the party is bound by the facts stated by the witness.

**2. Automobiles § 41f—**

In this action to recover for a rear end collision, plaintiff called as a witness a passenger in the following car who testified that the following car came to a complete stop without hitting plaintiff's vehicle, and that it was then hit by a third following vehicle and knocked into plaintiff's car. *Held:* In the absence of evidence in contradiction of the witness, the driver of the first following car is entitled to nonsuit, and testimony of plaintiff to the effect that his car received two jolts is insufficient to contradict the witness' statement, since there are many possibilities which would explain the successive jolts.

**3. Trial § 22—**

Plaintiff must make out his case by proving the facts essential to his cause of action or by proving facts permitting an inference of the material facts as a fair and logical conclusion, but an inference must be based on direct evidence and cannot be based on a presumption or some other inference or surmise, and evidence which presents a mere choice of possibilities is insufficient to be submitted to the jury.

**4. Trial § 48—**

The failure of the court to order a mistrial as to the second defendant upon the granting of nonsuit as to the first defendant will not be held for error, since the matter rests in the court's discretion and plaintiff could have stopped the trial at any time by taking a voluntary nonsuit.

**5. Trial § 21—**

The entering of nonsuit as to one defendant at the close of all of plaintiff's evidence will not be held for error on the ground that nonsuit should not have been entered until all of the evidence was in and that testimony of another defendant was sufficient to complete the case against the first, since plaintiff is not entitled to rely upon the evidence of the codefendant to prove his case against the first defendant, but has the burden of proving his own case, with the right to call defendants as witnesses, to contradict their testimony or cross-examine them, if he so desires. G.S. 1-183.

APPEAL by plaintiff from *Cowper, J.,* November 1964 Civil Session of MARTIN.

Plaintiff seeks to recover damages for injury to his person and to his automobile allegedly caused by the negligence of defendants.

At the close of plaintiff's evidence the court allowed the motion of defendants Cross for judgment of involuntary nonsuit. The jury absolved defendant Ginelewicz of blame. Judgment was entered dismissing the action.

*Edgar J. Gurganus for plaintiff.*
*Griffin and Martin for defendants Cross.*
*James and Speight and William C. Brewer, Jr., for defendant Ginelewicz.*

MOORE, J. Plaintiff contends, first, that the court erred in allowing the motion of defendants Cross for nonsuit.

The injuries of which plaintiff complains were suffered in a collision involving three automobiles. The collision occurred about 6:45 P.M. on 7 August 1961 on U. S. Highway 13 and 17 about 5 miles north of Williamston, N. C., where paved rural road 1521 (Cedar Landing Road) makes a "T" intersection with said highway. Plaintiff was driving his automobile northwardly on the highway at a speed of 50 to 55

miles per hour (according to his testimony) approaching said intersection and intending to make a right turn into the Cedar Landing Road. Defendant Mrs. Cross, operating her husband's automobile, was following plaintiff. Defendant Ginelewicz was following Mrs. Cross. The highway is 23 feet wide and has a 6 to 7-foot shoulder on each side. It had been raining. As plaintiff was making his turn to the right at the intersection, his car was struck in the rear by the Cross automobile.

Plaintiff testified: "As I approached this (Cedar Landing) road, I tapped my brake and began to slow up and give a signal with my hand out and up. I say I gave the signal as much as 200 feet before I arrived at the Cedar Landing Road intersection. I started to slow down my automobile just about where they started with the yellow line . . . the yellow line, coming to the intersection. At the time I gave a signal and before I got to the Cedar Landing Road, I saw two automobiles behind me. It looked like these automobiles were about 35 feet behind me at that time, one behind the other. . . . I was going about 15 miles per hour at the time I started my turn . . . As I got the right wheel started to turn into the Cedar Landing Road, I heard a brake squeal behind me. I turned to look and see what was happening and there were two cars right close together and about that time I got a lick and sent my head back. It flopped forward and before I could get straightened out I got another jolt and it flew back and forwards again. My automobile rolled down the road I reckon 15 or 20 feet. These two jolts I just described were what you might say close enough together before I could get my head straightened out from one, the other hit. . . . I said I heard brakes squeal and I turned to look back and I saw two cars. It looked like one was about 35 feet behind me and it looked like the other ·one was right near the other car. It did not look like the other car was over about 35 foot behind the Cross car." After the collision there were two dents in the rear of the car. "The dent in the center in the rear was dented in about 6 to 12 inches. . . . there was another dent where the left fender joins the body. It was dented in there all out to the edge. Between the dent in the center of the automobile and the dent to the left fender out to the edge was just a scratch, a rubbed scratch, looked like where something rubbed it."

Mrs. Scott Harrell, a passenger in the Cross car, was called as a witness for plaintiff and testified as follows: "I was riding on the front seat with Mrs. Cross. . . . We were gaining on the car driven by Mr. Powell (plaintiff). I don't have any idea what Mr. Powell's speed was the first time I saw him. It must have been a mighty slow rate of speed. We saw Mr. Powell's brake lights come on. Mrs. Cross applied her brakes . . . She applied hers immediately and she had

come to a complete stop. . . . just short of hitting the car and almost instantly we were hit from the back and turned around in the road so that we were facing back toward Williamston. We hit the car of Mr. Vernon Powell. Mr. Ginelewicz hit us from the back. . . . the Ginelewicz car went to the left . . . After Mr. Ginelewicz's car struck Mrs. Cross' car, Mrs. Cross' car struck Mr. Powell's car. . . . The car driven by Mrs. Cross, I said, had come to a complete stop and had not hit the Powell car before it was hit by Mr. Ginelewicz. . . . his (plaintiff's) car was struck only one time. . . . he was just barely moving."

Plaintiff instituted this action against Mrs. Cross, Mr. Cross (under the doctrine of *respondeat superior,* as owner of family purpose car driven by his wife), and Mr. Genelewicz. He alleges that Mrs. Cross was negligent in that she drove recklessly (G.S. 20-140) and at a speed greater than was reasonable and prudent (G.S. 20-141), failed to keep a proper lookout, failed to maintain reasonable control, and followed too closely (G.S. 20-153).

Plaintiff called Mrs. Harrell and caused her to give testimony. In doing so he made her his witness and represented that she was worthy of belief. *State v. Tilley,* 239 N.C. 245, 79 S.E. 2d 473. She testified that the Cross car came to a complete stop just before reaching the plaintiff's car and was forced into the rear of plaintiff's car by the Ginelewicz automobile. Defendants Cross contend that her testimony absolves them of each of the specifications of negligence set out in the complaint, and that plaintiff is bound by her testimony. On the other hand, plaintiff contends that he is not foreclosed by Mrs. Harrell's testimony with respect to the conduct of Mrs. Cross, that he is not precluded from proving the facts to be different from those to which Mrs. Harrell testified (*Matheny v. Motor Lines,* 233 N.C. 673, 65 S.E. 2d 361), that he has shown the facts to be otherwise, and that the contradictions in the evidence affect only its credibility and does not justify nonsuit (*Rhyne v. Bailey,* 254 N.C. 467, 119 S.E. 2d 385). Plaintiff does not claim that Mrs. Harrell's testimony is contradicted by direct eyewitness testimony. He relies on his own testimony that his car received "two jolts." It comes to this: Is the testimony of "two jolts" sufficient, in the light of all of plaintiff's evidence, to support the inference that the Cross car first struck plaintiff's car of its own force, and a second time by reason of being knocked forward by the Ginelewicz car, and is such testimony sufficient predicate for verdict and judgment? The evidence of "two jolts" is an effect which could have been caused by the state of facts plaintiff contends for, and suggests the possibility of the existence of such facts. The testimony also suggests other possibilities — that the Cross car stopped but, being sandwiched between the other two

cars, was bounced back and forth between them; that the Cross car in turning around (Mrs. Harrell testified that it turned around and faced south toward Williamston, and the investigating patrolman who testified for plaintiff found it in that position) struck plaintiff's car twice; and that the interplay of the inertial force of plaintiff's slow moving car opposing the momentum of the Cross car (propelled by the force of the Ginelewicz car) resulted in repeated contact. Other possibilities can be imagined. Had plaintiff not introduced the testimony of Mrs. Harrell he might have gone to the jury on the principle that the mere fact of a collision with a vehicle ahead furnishes some evidence that the following motorist was negligent as to speed, was following too closely, or failed to keep a proper lookout. *Dunlap v. Lee,* 257 N.C. 447, 126 S.E. 2d 62; *Clark v. Scheld,* 253 N.C. 732, 117 S.E. 2d 838; *Clontz v. Krimminger,* 253 N.C. 252, 116 S.E. 2d 804. This principle is not absolute; the negligence, if any, depends upon the circumstances. *Dunlap v. Lee, supra.* When plaintiff introduced the testimony of Mrs. Harrell he dispelled and explained away the possibility on which he relies and rejected the benefit of the principle set out in the cases cited next above. An inference must be based on some clear and direct evidence, it cannot be based on presumption, some other inference or surmise. A resort to a choice of possibilities is guesswork. *Johnson v. Fox,* 254 N.C. 454, 119 S.E. 2d 185; *Lane v. Bryan,* 246 N.C. 108, 97 S.E. 2d 411. "The sufficiency of the evidence in law to go to the jury does not depend upon the doctrine of chances. However confidently one in his own affairs may base his judgment on mere probability as to a proposition of fact and as a basis for the judgment of the court, he must adduce evidence of other than a majority of chances that the fact to be proved does exist. It must be more than sufficient for mere guess and must be such as tends to actual proof." *State v. Prince,* 182 N.C. 788, 108 S.E. 330; *Warren v. Insurance Co.,* 217 N.C. 705, 9 S.E. 2d 479. The motion of defendants Cross for nonsuit was properly allowed.

Plaintiff further contends that the court erred in proceeding to judgment on his cause of action against defendant Ginelewicz after having nonsuited his action against defendants Cross, and contends also that the court should not have granted either defendant an involuntary nonsuit until the evidence had been heard from all defendants.

The trial court has the discretionary power to discharge a juror and order a mistrial when necessary to attain the ends of justice. 4 Strong: N. C. Index, Trial, § 48, p. 356. The record does not show that plaintiff requested the court to exercise discretion in this respect in the instant case, nor that the court abused its discretion in failing to declare a mistrial. Such failure is not, therefore, reviewable on this appeal. Plaintiff might have stopped the trial at any time before verdict

by taking a voluntary nonsuit. *Sink v. Hire,* 210 N.C. 402, 186 S.E. 494.

Defendant Ginelewicz testified to a state of facts which would have made out a *prima facie* case against defendants Cross had their motion not been allowed at the close of plaintiff's evidence. Plaintiff contends that nonsuit should not have been considered until all of the evidence was in. The statute provides otherwise. G.S. 1-183. When an action is instituted and a cause of action alleged, plaintiff assumes the burden of supporting his allegations by introducing competent evidence bearing on each material issue raised. Defendants are not required to offer evidence. Plaintiff could have called all defendants and compelled them to testify and could have cross-examined them, and could also have contradicted their testimony. G.S. 8-50.

Affirmed.