FLOYD A. WHITFIELD v. HENRY B. WINSLOW

No. 802SC28

(Filed 5 August 1980)

**Trespass § 3– ponding of water – renewing trespass – action not barred by three year statute of limitations**

Plaintiff's action seeking a mandatory injunction and damages based on the alleged flooding of his property resulting from the construction of a dam by defendant was not barred by the three year statute of limitations, since the injury caused by wrongfully ponding or diverting water on the land of another is regarded as a renewing trespass, and a portion of plaintiff's property was alleged to have remained submerged even at the commencement of this action.

APPEAL by plaintiff from *Braswell, Judge.* Judgment entered 11 December 1979 in Superior Court, MARTIN County. Heard in the Court of Appeals 23 May 1980.

On 20 July 1979 plaintiff filed this civil action seeking a mandatory injunction and damages based upon the alleged flooding of his property resulting from the construction of a dam by defendant. Defendant did not answer, but moved for summary judgment on the grounds that plaintiff's claim was barred by the three-year statute of limitations. The trial court granted defendant's motion. Plaintiff appealed from that order.

*Wilkinson & Vosburgh, by John A. Wilkinson, and Gurganus & Bowen, by Edgar J. Gurganus, for plaintiff appellant.*

*Griffin & Martin, by Hugh M. Martin, Everett & Cheatham, by C.W. Everett, Sr., Speight, Watson & Brewer, by William C. Brewer, Jr., for the defendant appellee.*

WELLS, Judge.

Whitfield v. Winslow

This appeal presents one question for our review: Whether plaintiff's claim was barred by the statute of limitations. First we note that summary judgment was not the appropriate basis for disposition of this case at the trial level. As there were no materials before the trial court other than plaintiff's complaint, we shall treat defendant's motion as if it were a motion to dismiss pursuant to G.S. 1A-1, Rule 12(b)(6). *Industries, Inc. v. Construction Co.*, 42 N.C. App. 259, 257 S.E. 2d 50 (1979), *disc. rev. denied*, 298 N.C. 296, 259 S.E. 2d 301 (1979). Our Supreme Court has held that a claim for relief should not suffer dismissal unless it affirmatively appears that plaintiff is entitled to no relief under any statement of facts which could be presented in support of the claim. *Newton v. Insurance Co.*, 291 N.C. 105, 229 S.E. 2d 297 (1976).

In his complaint, plaintiff alleged that he is the owner of a thirty-nine acre tract of land in Martin County, which is adjoined and abutted by land owned by defendant. Mill Branch Creek provides natural drainage from plaintiff's land to the Roanoke River, one-half of a mile to the north. In 1968 defendant constructed a dam on Mill Branch Creek near its point of entry into the Roanoke River. The original dam was thirty feet high. This construction caused water from Mill Branch Creek to back up onto plaintiff's property. This construction interfered with but did not block plaintiff's natural drainage. In 1970, defendant modified the physical configuration of the dam, raising the water level in the pond behind it by eight feet. At about this same time, defendant constructed a second dam on Mill Branch Creek, further upstream toward plaintiff's property. As a result of defendant's acts, the flow of Mill Branch Creek through plaintiff's property was reversed, with the effect of creating a pond on plaintiff's land. Plaintiff does not get any drainage by way of Mill Branch Creek, and there is no drainage whatsoever from the pond on plaintiff's land.

Plaintiff has lost the use of one and one-half acres of his land, now covered by the pond, and the value of the remainder of his land has been diminished. The pond is stagnant, has a bad odor, and breeds mosquitos. Plaintiff has expended money attempting to facilitate drainage from the pond. Plaintiff has requested defendant to modify his drainage so as to restore

plaintiff's natural drainage by way of Mill Branch Creek. Defendant has failed and refused to do so.

Plaintiff argues that he is entitled to his damages and to have the trespass eliminated. Defendant argues that if his activities have wronged plaintiff, these activities constitute a continuing trespass which began more than three years before plaintiff brought his action. Such an action would be barred under G.S. 1-52 (3), which provides that:

> For trespass upon real property. When the trespass is a continuing one, the action shall be commenced within three years from the original trespass, and not thereafter.

However, our Supreme Court has held that

> the injury caused by wrongfully ponding or diverting water on the land of another, causing damage, is regarded as a renewing rather than a continuing trespass, and, unless sustained in a manner and for sufficient length of time to establish an easement, damages therefor, accruing within three years next before action brought, can be recovered, though the injury may have taken its rise at a more remote period. [Citations omitted.]

*Duval v. R.R.*, 161 N.C. 448, 450, 77 S.E. 311 (1913).

Since a portion of plaintiff's property is alleged to have remained submerged even at the commencement of this action, his cause of action is not barred on the face of the pleadings. The question remains whether the plaintiff can overcome the plea of the statute of limitations at trial. Our holding is only that plaintiff's suit may not be dismissed at this stage of the proceedings as barred under the statute.

Reversed.

Judges WEBB and MARTIN (Harry C.) concur.