MARY GALLOWAY v. PACE OIL COMPANY, INC.

No. 825SC252

(Filed 17 May 1983)

**Trespass § 3; Waters and Watercourses § 1.1— ponding of water during rainfall—intermittent trespass—statute of limitations—damages**

> The ponding of water on plaintiff's land during periods of rainfall caused by an oil refinery constructed on defendant's land in 1972 which blocks the natural drainage of water from plaintiff's land constituted an intermittent rather than a continuing trespass, and plaintiff's action commenced on 29 March 1978 was not barred by the 3-year statute of limitations of G.S. 1-52(3). Plaintiff has the option to recover damages for injuries to her property from 29 March 1975 to the time of the trial of the action or to recover damages for the permanent injury since 29 March 1975.

APPEAL by plaintiff from *Strickland, Judge.* Judgment entered 1 December 1981 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 19 January 1983.

Plaintiff first sued defendant on 29 March 1978 alleging that a third party had constructed an impediment on lands owned and controlled by the defendant, which obstructed the natural drainage of water from the plaintiff's land to the Cape Fear River. The plaintiff took a voluntary dismissal without prejudice and filed a new action alleging the same matters within one year of the voluntary dismissal.

The defendant filed an answer in which it pled the statute of limitations. The defendant made a motion for summary judgment. The papers filed in support of and in opposition to the motion for summary judgment showed that plaintiff has owned her home in Wilmington for many years. The surface water from plaintiff's lot drained northward through a pipe to the Cape Fear River. In 1972 an oil refinery was constructed on the property owned by the defendant which blocked the drainage from the plaintiff's property, causing water to pond on the plaintiff's lot during periods of rainfall.

The plaintiff made a motion to amend her complaint to allege as a second claim that the "Defendant has taken by prescription and condemnation, an easement into and across the Plaintiff's land . . . ." The court did not rule on the plaintiff's motion to

amend her complaint but granted the defendant's motion for summary judgment. The plaintiff appealed.

*Newton, Harris and Shanklin, by Kenneth A. Shanklin, for plaintiff appellant.*

*Poisson, Barnhill and Britt, by Donald E. Britt, Jr. and Stuart L. Egerton, for defendant appellee.*

WEBB, Judge.

The first question on this appeal is whether the plaintiff's claim is barred by the statute of limitations, G.S. 1-52(3), which provides:

Within three years an action—

\*    \*    \*

(3) For trespass upon real property. When the trespass is a continuing one, the action shall be commenced within three years from the original trespass, and not thereafter.

All the evidence shows the oil refinery was completed in 1972 and the drainage problems began occurring shortly thereafter. If the interference with the drainage from the plaintiff's land during periods of rainfall was a continuing trespass, the plaintiff is barred from asserting her claim.

There have been several cases in this state dealing with this problem. *Gibbs v. Mills,* 198 N.C. 417, 151 S.E. 864 (1930); *Duval v. R.R.,* 161 N.C. 448, 77 S.E. 311 (1913); and *Roberts v. Baldwin,* 151 N.C. 407, 66 S.E. 346 (1909) hold that if water is put upon a person's land irregularly, intermittently and variably, it is not a continuing but an intermittent trespass. In such a case a plaintiff may recover for any damages within three years before the action is filed.

In *Lightner v. Raleigh,*a 206 N.C. 496, 174 S.E. 272 (1934), the plaintiffs sued the City of Raleigh for damages to their dairy farm. The evidence showed the City had been dumping raw sewage for 40 years into Walnut Creek which bounded the plaintiffs' farm. During periods of rainfall, the creek would overflow into the plaintiffs' field, leaving raw sewage to such an extent that the plaintiffs' farm was ruined. There was evidence that the City, in

the course of its sewage disposal operations, had changed the configuration of the banks of the creek, which increased the overflow onto plaintiffs' land. In its discussion as to whether this constituted a continuing or intermittent trespass, the Supreme Court did not cite *Gibbs*, *Duval*, or *Roberts*. The Court said the distinction lay in whether the damages could be ascertained and recovered in a single action. It said if the damages cannot be so ascertained, separate and successive actions may be brought to recover the damages as they accrue. The Supreme Court further said:

> "[T]herefore so long as the cause of the injury exists and the damages continue to occur plaintiff is not barred of a recovery for such damages as have accrued within the statutory period beyond the action, although a cause of action based solely on the original wrong may be barred, and this has been the general rule, to which the rule, where the injury is permanent, is an exception. (Citations ommitted.)"

*Lightner, supra*, at 504, 174 S.E. at 276 (1934) *quoting* 37 C.J., *Limitations of Actions*, Sec. 249 (1925), at pp. 883-4. The court in that case allowed the plaintiffs to recover permanent damages because their property had been taken for a public purpose. It approved a charge which did not allow the plaintiffs to recover any damages that accrued more than three years prior to the commencement of the action.

In *Teseneer v. Mills Co.*, 209 N.C. 615, 184 S.E. 535 (1936) the plaintiffs sued for damages to their land by the construction of a dam downstream from their property. The dam had been constructed 40 years before the action was commenced. There was evidence that the way in which the dam was operated caused flooding and the deposit of sand on the plaintiffs' land. The plaintiffs procured a judgment for $1,000.00 and the defendant appealed. The Supreme Court affirmed and said it would not discuss the question of whether the action was barred by the statute of limitations because the question of a continuing trespass had been recently considered in *Lightner*. The Supreme Court approved a charge that said, "[I]f that wrongful act was done prior to 15 December, 1931, which caused or has produced all of the damage and injury to the plaintiff, then his cause of action is barred by the statute of limitation." *Teseneer, supra*, at 621, 184 S.E. at

538. We do not believe this charge is consistent with *Lightner* and if it is the law, it would bar the plaintiff in this case. In *Teseneer* the defendant appealed from a judgment against it. The plaintiffs did not assign error to the charge and the court did not have to approve the charge to decide the case.

In *Hooper v. Lumber Co.*, 215 N.C. 308, 1 S.E. 2d 818 (1939), the plaintiff alleged his land was damaged by intermittent water flow caused by the defendant in its logging operations including certain construction the defendant had done. The evidence showed the defendant had leased the land on which it performed the logging operations, which lease had expired more than three years prior to the commencement of the action. In affirming a judgment of nonsuit, the Supreme Court emphasized that the defendant could not be held responsible for the condition of the property over which it had not had control for more than three years.

In *Davenport v. Drainage District*, 220 N.C. 237, 17 S.E. 2d 1 (1941) the plaintiff brought an action against the drainage district, of which he was a member, alleging that the defendant had failed to construct a canal properly in 1923 which had caused flooding on his land from 1923 through 1938. The evidence showed the flooding commenced immediately after the canal was completed and "continued practically every year following through 1936, and occurred again in 1938, but did not occur in 1939." *Davenport, supra*, at 238, 17 S.E. 2d at 2. In affirming a judgment of nonsuit, the Supreme Court did not cite *Gibbs, Duval, Roberts, Lightner*, or *Teseneer*; but said that if the flooding of plaintiff's land was a trespass which originated in 1923 and continued through 1938, it was a continuing trespass and a claim for this trespass was barred by the statute of limitations. The Supreme Court cited *Hooper* as authority and quoted a passage from it which said that to repel the bar of the statute of limitations, it must appear the conditions causing the trespass "were under control of the defendant, and the breach of duty with reference thereto had taken place some time within the period of three years preceding the injury." *Davenport, supra*, at 239, 17 S.E. 2d at 2-3, *quoting Hooper, supra*, at 311, 1 S.E. 2d at 820. We do not believe the language quoted from *Hooper* is authority for the holding of *Davenport*, and we do not believe *Davenport* can be reconciled with *Gibbs, Duval, Roberts, Lightner*, or *Teseneer*.

In *Tate v. Power Co.*, 230 N.C. 256, 53 S.E. 2d 88 (1949), the plaintiffs sought damages from the construction of a dam. There was no evidence of ponding of water on the plaintiffs' land. The plaintiffs' evidence showed his land gradually became unfit for cultivation because of the retardation of the stream which had been dammed. The first substantial injury occurred in 1928 and became progressively worse until the action was instituted in 1945. The complaint alleged that the "dam does not require any maintenance whatever," and the plaintiffs' evidence was to that effect. The evidence also showed the defendant had sold the dam more than three years prior to the commencement of the action. The Supreme Court affirmed a judgment of nonsuit. In its rationale, the Supreme Court did not mention the fact that the defendant had not had control of the dam for more than three years prior to the commencement of the action. The Court said that the plaintiffs had not alleged any fresh act after the construction of the dam which eliminated any intermittent trespass. The Court also said, "Clearly, the consequential trespass resulting from the retardation of the flow of the waters in Lower and Little Creeks, which the plaintiffs say began in 1928 and thereafter remained constant, is barred by this statute." *Tate, supra*, at 259, 53 S.E. 2d at 90.

In *Whitfield v. Winslow*, 48 N.C. App. 206, 268 S.E. 2d 245 (1980), this Court held, relying on *Duval*, that a claim based on the creation of a permanent pond on the plaintiff's land by the construction of a dam was not barred by G.S. 1-52(3).

We have discussed the cases on this subject at some length because we believe the law is somewhat confusing as to what is a continuing trespass in water diversion cases. Under *Gibbs, Duval*, and *Roberts*, we believe it is clear that if water is not diverted to a person's land so that it is permanently there, it is not a continuing trespass. Under this rule, the plaintiff would not be barred in this case. If the rule is that once the defendant has done something which causes the water to be diverted, the statute begins to run from that date and does not begin to run again until the defendant does another act which causes a diversion, the plaintiff is barred in this case. There is language to this effect in *Tate* although it is not necessary to a decision in the case. The encroachment in that case was constant from the time it started and this was given as a reason for the Supreme Court's decision.

Galloway v. Pace Oil Co.

The Supreme Court in *Teseneer* approved a charge to this effect but the evidence was that the encroachment had been constant since its inception. The Supreme Court's approval of the charge was not necessary to a resolution of the case. In *Lightner*, the Supreme Court enunciated the rule in terms of whether permanent damage could be calculated at the time of the initial entry onto the land and said "so long as the cause of the injury exists and the damages continue to occur plaintiff is not barred ...." *Ligthner, supra*, at 504, 174 S.E. at 276. In that case the Supreme Court allowed recovery for intermittent overflows for three years before the commencement of the action. We believe that under the facts of *Lightner*, the plaintiff should not be barred in this case. In *Hooper*, the holding was that a defendant cannot be held liable for a condition diverting water to someone else's land if the defendant has not controlled the condition for three years before the commencement of the action. We could make a negative inference from this that if a person is in control of the condition within three years, he is liable. We believe *Davenport* is the only case which held squarely that if construction is done which causes water to enter another person's land periodically, the statute runs from the date of the construction. The Supreme Court in *Davenport* gave no reason why this is so. It cited a case as authority which we do not believe held this, and it failed to cite cases which held the opposite.

We believe the best reasoned rule, and one which is consistent with all the cases except *Davenport*, is found in *Gibbs, Duval*, and *Roberts*. We base this in part on a reading of the statute which says a continuing trespass is barred after three years. Webster's Third New International Dictionary defines "continuing" as "constant; needing no renewal." We do not believe the intrusions of water on the plaintiff's land are constant in this case. The fact that the structure which causes the intrusions is constant should not be controlling. The structure causes the trespasses. The intrusions of water are the trespasses. For the reasons stated in this opinion, we hold it was error to allow the defendant's motion for summary judgment.

We have not relied on *Whitfield v. Winslow, supra*, in which the writer of this opinion concurred. Under that case, we believe we would also have to find error in the allowance of the motion for summary judgment.

Since this case must be remanded for trial, we believe we should comment on the measure of damages. The plaintiff is barred from recovering any damages to her property that occurred prior to 29 March 1975. It may be that the court in its discretion will not order the defendant to remove the obstruction if the plaintiff can prove it is causing ponding on her land. For this reason, we believe the plaintiff should have the option of recovering damages for injuries to her property from 29 March 1975 to the time of the trial of the action, or she may in this action recover damages for the permanent injury since 29 March 1975. This has been done in a very similar case in Georgia. *See Cox v. Cambridge Square Town Houses,* 239 Ga. 127, 236 S.E. 2d 73 (1977); *see also* Restatement, Second, Torts, Sec. 930 (1979).

The plaintiff also assigns error to the court's refusal to rule on her motion to amend her complaint. We believe that any error committed by the court in this regard was harmless to the plaintiff. The plaintiff alleged in her proposed amended complaint that the defendant had taken an easement by "prescription and condemnation." The defendant could not have taken an easement by condemnation. It does not have the power of eminent domain. An easement by prescription is established by open and hostile use of another's property for 20 years. *See* 5 Strong's N. C. Index 3d, *Easements,* Sec. 6 (1977). This case does not involve an easement by prescription.

Reversed and remanded.

Judges BECTON and PHILLIPS concur.