SOUTHERN BELL TELEPHONE AND TELEGRAPH CO. v. WEST

[100 N.C. App. 668 (1990)]

SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, PLAINTIFF v. RICHARD WEST, DEFENDANT

No. 9030SC61

(Filed 20 November 1990)

### Waters and Watercourses § 3.1 (NCI3d) — erosion of creek bank — placement of telephone poles — evidence of causation — insufficient

The trial judge properly allowed plaintiff's motion for a directed verdict as to defendant's counterclaim where plaintiff telephone company sought an injunction to prevent defendant's interference with its maintenance and repair of telephone equipment on defendant's land; defendant counterclaimed for negligence alleging that plaintiff's placement of telephone poles caused erosion of a creek bank; the court found in a separate order that plaintiff had an easement over defendant's property and a legal right to maintain telephone poles on defendant's property; and the trial court granted a directed verdict for plaintiff at the conclusion of all evidence. The testimony of defendant's own expert witness clearly established that a variety of factors, both natural and unnatural, could have caused the erosion of the creek bank and the witness did not offer any testimony that one cause was more likely than others.

**Am Jur 2d, Easements and Licenses §§ 72, 89, 93; Waters §§ 391, 393, 406.**

Judge PHILLIPS dissenting.

APPEAL by defendant from order entered 26 October 1989 by *Judge Robert D. Lewis* in HAYWOOD County Superior Court. Heard in the Court of Appeals 28 August 1990.

This is a civil action in which plaintiff seeks injunctive relief to prevent defendant from continuing to interfere with its employees in their activities in maintaining and repairing telephone equipment on defendant's land. Defendant thereafter filed an answer and a counterclaim alleging negligence. When the matter came on for trial, the court found by way of a separate order that plaintiff had acquired an easement over defendant's property and a legal right to maintain telephone poles on defendant's property. This matter proceeded on the issue of defendant's counterclaim. At the

conclusion of defendant's evidence, plaintiff moved for, but was denied, a motion for directed verdict. At the conclusion of all evidence, plaintiff renewed its motion for directed verdict. Upon hearing arguments from counsel, the court entered a directed verdict in favor of plaintiff. Defendant appeals.

*Roberts Stevens & Cogburn, P.A., by Gwynn G. Radeker and Elizabeth M. Warren, for plaintiff-appellee.*

*Patla, Straus, Robinson & Moore, P.A., by Harold K. Bennett, for defendant-appellant.*

JOHNSON, Judge.

Considered in the light most favorable to the defendant, the evidence tends to show the following: Defendant owns a tract of land on Ratcliff Road in Haywood County on which a one-story building and a concrete parking slab sit. Prior to 1974, plaintiff placed two telephone poles on defendant's property between the building and a creek located to the east of defendant's property.

In 1974, the two telephone poles on defendant's property were relocated by plaintiff. The southern pole was relocated and placed approximately 18 inches from the prior existing bank of the creek. The northern pole was placed on the edge of the creek. By 1989, the creek had substantially washed away the prior existing bank leaving the southern pole in the center of the creek. The northern pole still remained on the edge of the creek.

In support of his contention that the erosion of the west bank of the creek was caused by plaintiff's placement of: (1) the southern pole 18 inches from the creek bank, (2) the northern pole on the creek bank, and (3) the riprap, defendant presented five witnesses. Two witnesses, including defendant, testified as to the extent of the erosion and the causation. Three witnesses testified as to damages.

At the close of all evidence, the court found that the defendant had failed to prove that he had suffered any damage to his creek bank, building or parking slab as a proximate result of the placement of the poles or riprap. Plaintiff's motion for directed verdict was therefore granted.

Defendant's sole contention on appeal is that the trial court erred in granting plaintiff's motion for directed verdict at the close of all the evidence. We disagree.

Where a party moves for a directed verdict, the trial court must determine whether the evidence, when considered in the light most favorable to the nonmovant, is sufficient to take the case to the jury. G.S. § 1A-1, Rule 50(a); *see also Mosley & Mosley Blders., Inc. v. Landin Ltd.*, 87 N.C. App. 438, 361 S.E.2d 608 (1987), *disc. rev. denied*, 326 N.C. 801, 393 S.E.2d 898 (1990). Upon appeal, the scope of review is limited to those grounds asserted by the moving party before the trial court. *Warren v. Canal Indus., Inc.*, 61 N.C. App. 211, 300 S.E.2d 557 (1983).

In North Carolina, a landowner may recover for any damages proximately resulting from the intrusion of water on his land due to a third party's construction of an impediment on such land which obstructs natural drainage water. *Galloway v. Pace Oil Co., Inc.*, 62 N.C. App. 213, 302 S.E.2d 472 (1983). Plaintiff must make out his case by proving the facts essential to his cause of action or by proving facts permitting an inference of the material facts as a fair and logical conclusion. *Powell v. Cross*, 263 N.C. 764, 140 S.E.2d 393 (1965).

> The sufficiency of the evidence in law to go to the jury does not depend upon the doctrine of chances. However confidently one in his own affairs may base his judgment on mere probability as to a proposition of fact and as a basis for the judgment of the court, he must adduce evidence of other than a majority of chances that the fact to be proved does exist. It must be more than sufficient for mere guess and must be such as tends to actual proof.

*Id.* at 768, 140 S.E.2d at 397, *quoting State v. Prince*, 182 N.C. 788, 108 S.E.2d 330 (1921). Undeniably, the question of whether defendant presented *some* evidence that erosion took place on the creek bank must be answered in the affirmative. The essential question, however, is whether defendant produced *any* evidence supporting his contention that the placement of the poles on his property near the creek caused the erosion of the creek bank.

The testimony of defendant's own expert witness, Gary McKay, a civil engineer, clearly established that a variety of factors, both natural and unnatural, could have caused the erosion of the creek

bank. Specifically, McKay testified that the erosion could have been caused by the placement of the telephone poles, as alleged by defendant, the softness of the soil on the east side of the creek or the creek's gentle curve. McKay did not, however, offer any testimony suggesting that one cause was more likely than the others. Such testimony as to causation, being speculative in nature, would have resulted in a verdict founded upon a series of mere possibilities; and reliance upon a choice of possibilities amounts to nothing more than guesswork. Thus, we conclude that defendant has failed to establish that the erosion of the creek bank was caused by the placement of the poles or the riprap.

For all the foregoing reasons, the order of the trial court granting plaintiff's motion for directed verdict is

Affirmed.

Judge PARKER concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

Though plaintiff's evidence is not as clear as it might be, it is sufficient in my opinion to support the inference that the erosion of the creek bank and the water damage to defendant's property proximately resulted from the improper placement of plaintiff's poles and the riprap.