MARY OWNLEY JONES, WIDOW v. HENRY FRANKLIN SMITH AND HILL MANUFACTURING COMPANY OF NORTH CAROLINA, INC.

No. 68SC250

(Filed 15 January 1969)

**1. Automobiles § 83— pedestrian's contributory negligence**

Plaintiff's evidence tending to show that her minor son was struck by defendant's automobile as he was crossing a highway at a place other than a crosswalk in the daytime, that the highway was straight at this point and that the weather was clear and the road dry, and that there was no other traffic on the road at that time, *is held* to disclose contributory negligence on the part of the son as a matter of law. G.S. 20-174(a).

**2. Negligence § 12— doctrine of last clear chance**

In order for doctrine of last clear chance to apply, there must be proof that after plaintiff by his own negligence had gotten into a position of helpless peril defendant discovered plaintiff's helpless peril, or, being under a duty to do so, should have discovered the peril, and thereafter defendant, having the means and the time to avoid the injury, negligently failed to do so.

**3. Automobiles § 89—  last clear chance — sufficiency of evidence**

In action for injuries sustained when plaintiff's minor son was struck by defendant's automobile as the minor was attempting to cross a highway at a place other than a crosswalk, the evidence is insufficient to require submission of the case to the jury on the last clear chance doctrine, there being no proof that by the exercise of reasonable care defendant discovered or could have discovered the minor's peril in time to avoid the injury.

**4. Trial § 22—  sufficiency of evidence to overrule nonsuit**

In order for the evidence to be such as to justify a finding in favor of the party having the burden of proof, the evidence must do more than raise a suspicion, conjecture, possibility or chance; it must reasonably tend to prove the fact in issue, or reasonably conduce to its conclusion as a fairly logical and legitimate deduction.

APPEAL by plaintiff from *Cowper, J.,* April 1968 Session, Superior Court of PASQUOTANK.

Plaintiff, the mother of Joseph Robert Jones, a minor, sues to recover for past, present, and prospective medical expenses for the treatment of her minor son for injuries resulting from his being struck by an automobile driven by the defendant, Henry Franklin Smith, on 30 July 1964. Also, she seeks to recover for loss of services and earnings during her son's minority. At the end of the plaintiff's evidence the trial judge entered judgments of involuntary nonsuit on behalf of both defendants. Plaintiff appeals.

The plaintiff alleges that the defendant Smith was negligent in the operation of his automobile in that he did not keep a proper lookout, failed to use proper care in respect to speed or control of his automobile, or to give timely warning of his approach. Also, plaintiff says the defendant was negligent in that he failed to reduce his speed to avoid a special hazard and that he operated his automobile at a speed greater than was reasonable and prudent under the conditions then existing.

The plaintiff also alleged that at the time of this accident, the defendant Smith was employed by defendant Hill Manufacturing Company, Inc., and that he was about his master's business at the time plaintiff's minor son was injured.

The individual defendant answered denying the allegations of negligence and, as a further answer and defense, alleged that the plaintiff's minor son was contributorily negligent in that he left a place of safety on the shoulder of the highway and suddenly and without warning ran, or darted or otherwise moved in front of and in the path of the automobile operated by the individual defendant;

that the minor son collided with the automobile in the general area of the left front fender and windshield of the vehicle; that the minor son entered the highway in such a manner that the defendant did not have time or opportunity to take any sufficient evasive action to avoid the collision; that the minor son did not give adequate notice of his intention to enter the highway; and, that the minor son failed to yield the right of way upon the highway to the automobile being driven by the defendant.

The corporate defendant answered denying that Smith was within the employment of the corporate defendant at the time of the accident. By way of further answer and defense, the corporate defendant alleged acts of contributory negligence on the part of the minor son substantially the same as those alleged by the individual defendant.

Plaintiff replied to these allegations of contributory negligence denying that her son was contributorily negligent, but alleging that if it should be found that he was contributorily negligent, then it should also be found that the defendant Smith had the last clear chance to avoid the accident because, through the exercise of ordinary care, he saw or should have seen in time to avoid the collision that the plaintiff's son was in a position of peril and was oblivious to the impending danger.

*Russell E. Twiford, O. C. Abbott, and John S. Kisiday for plaintiff appellant.*

*Leroy, Wells, Shaw & Hornthal by Charles C. Shaw, Jr., and J. Fred Riley for Henry Franklin Smith, defendant appellee.*

*Hall & Hall by John H. Hall, Jr., for Hill Manufacturing Company of North Carolina, Inc., defendant appellee.*

MORRIS, J.

The evidence presented at the trial, taken in the light most favorable to the plaintiff, tells the following story.

On 30 July 1964, at approximately 5:30 p.m. Charles Jones picked up his brother, Joseph Robert Jones, who was 16 years of age, at his mother's home and carried him to the Webb Drive-In Theater where he held a part-time job. The Webb Drive-In Theater is located on the Weeksville Road, south of Elizabeth City, North Carolina. The highway at this point is straight, and the weather on the day in question was clear, and the road was dry. Charles Jones pulled off on the west side of the Weeksville highway to let his

brother out of the truck, the drive-in being located on the east side of the highway.

At approximately the same time Charles Jones picked up his brother at his mother's home and was taking his brother, Joseph Robert Jones, to the drive-in theater, the defendant Henry Franklin Smith was leaving the William Jennings Service Station, which is located on the Weeksville highway south of the drive-in. Smith was driving north toward the drive-in theater.

Charles Jones, heading south, pulled over on the west shoulder of the road in front of the drive-in in order to let his brother out of the truck. His brother stepped out of the truck on the passenger side, and Charles Jones pulled back on the highway heading south toward Weeksville. Approximately 100 to 150 feet from where he left his brother, Charles Jones met the defendant, Henry Franklin Smith. Jones testified that the defendant Smith waved to him as he went by and that Smith's speed was between 50 and 60 miles per hour. When Charles Jones was approximately 300 to 350 feet beyond the entrance to the drive-in, he heard "the skidding of brakes applying on the road" behind him. Charles Jones turned and looked behind him and saw his 16-year-old brother, Joseph Robert Jones, lying on the west side of the road, partly on and partly off the pavement. There was no other traffic on the road at this time. Joseph Robert Jones was lying some 33 to 35 feet from the center of the driveway to the drive-in and the defendant Smith's car was approximately 25 to 30 feet beyond the point where Joseph Robert Jones was lying. The front portion of the left front fender on the defendant's car was bent and the mirror on the left hand side was broken off. Sometime later, Joseph Robert Jones's shoe was found lodged in the front of the defendant Smith's car between the grill and the radiator.

[1]  In our opinion, the trial judge was correct in allowing the defendants' motions for nonsuit. Assuming, without admitting, that the plaintiff's evidence establishes sufficient inferences of negligence on the part of the defendant Smith to take this case to the jury, we feel that it can only be concluded that the plaintiff's minor son was negligent in attempting to cross the highway in front of the defendant's automobile and that this negligence by the plaintiff's minor son contributed to and was a proximate cause of his injuries.

G.S. 20-174(a) provides:

"Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway."

In *Price v. Miller*, 271 N.C. 690, 157 S.E. 2d 347, the deceased and one Foust were walking together toward the road. Foust saw a car coming and turned and walked down the shoulder of the road. He then heard a lick, turned, and saw the deceased and the car which struck him. The accident occurred at night. The road was straight and the weather was clear. The Court, after a thorough discussion of the law applicable to this situation, held that the trial judge properly allowed the defendant's motion for nonsuit; because the plaintiff, by his own evidence, had shown that he was contributorily negligent. The Court pointed out that a pedestrian has the duty to look out for his own safety. Further, the Court held that the operator of a motor vehicle on a public highway may act upon the assumption that a pedestrian will use due caution and reasonable care to protect himself.

> "We must conclude that plaintiff's intestate saw defendant's automobile approaching and decided to take a chance of getting across the road ahead of it, or in the alternative, that he not only failed to yield the right of way to defendant's automobile, but by complete inattention started across the highway without looking." *Price v. Miller, supra.*

However, in this case, unlike *Price v. Miller, supra,* the plaintiff has alleged that the defendant had the last clear chance to avoid the accident.

[2] In *Exum v. Boyles*, 272 N.C. 567, 158 S.E. 2d 845, the Supreme Court stated that for the doctrine of last clear chance to apply, "there must be proof that after the plaintiff had, by his own negligence, gotten into a position of helpless peril (or into a position of peril to which he was inadvertent), the defendant discovered the plaintiff's helpless peril (or inadvertence), or, being under a duty to do so, should have, and, thereafter, the defendant, having the means and the time to avoid the injury, negligently failed to do so."

In *Wade v. Sausage Co.*, 239 N.C. 524, 80 S.E. 2d 150, our Supreme Court set out four elements which must be established if a plaintiff is to recover under the doctrine of last clear chance. They are as follows:

> "(1) That the pedestrian negligently placed himself in a position of peril from which he could not escape by the exercise of reasonable care; (2) that the motorist knew, or by the exercise of reasonable care could have discovered, the pedestrian's perilous position and his incapacity to escape from it before the endangered pedestrian suffered injury at his hands; (3) that the motorist had the time and means to avoid injury to the

endangered pedestrian by the exercise of reasonable care after he discovered, or should have discovered, the pedestrian's perilous position and his incapacity to escape from it; and (4) that the motorist negligently failed to use the available time and means to avoid injury to the endangered pedestrian, and for that reason struck and injured him."

[3, 4]    We think the plaintiff has failed to establish sufficient facts to justify the application of the doctrine of last clear chance. Obviously, the plaintiff's son was in a position of peril when he was struck by the defendant Smith's car. However, there is no showing that by the exercise of reasonable care the defendant Smith did discover or could have discovered his peril in time to avoid the injury. The evidence shows that Charles Jones put his brother out of his truck on the west side of the highway so that he had to cross the highway in order to get to the drive-in where he worked. Charles Jones met the defendant Smith approximately 150 feet from where his brother had just alighted from his truck. Then he heard the sound of car brakes. The evidence showed that the truck driven by Charles Jones had tool boxes built up on the sides and that they extended to the top of the cab of the truck and from the cab to the rear. Based on the evidence presented at the trial below, what occurred after the defendant passed Charles Jones's truck is a matter of pure conjecture. The evidence fails to show that the defendant Smith could have discovered the peril in which Joseph Robert Jones had placed himself, or that he had the time and means to avoid the injury to Joseph Robert Jones after he discovered or should have discovered the boy's perilous position, and that he negligently failed to use this time to avoid the injury. Plaintiff's evidence does not disclose where the plaintiff's minor son was after he left the truck operated by his brother; what he was doing; how he crossed the road; whether he ever looked for traffic at all, whether he looked, saw defendant's car and decided he could make it across. The trial court correctly refused to submit the doctrine of last clear chance to the jury. In order for the evidence to be such as to justify a finding in favor of the party having the burden of proof, "the evidence must do more than raise a suspicion, conjecture, guess, possibility or chance; it must reasonably tend to prove the fact in issue, or reasonably conduce to its conclusion as a fairly logical and legitimate deduction." Stansbury, N. C. Evidence 2d, § 210, p. 539.

The judgment entered below is
Affirmed.

MALLARD, C.J., and CAMPBELL, J., concur.