PATRICK HINTON JOHNSON v. VIVIEN ASHE JOHNSON

No. 701SC170

(Filed 27 May 1970)

1. **Automobiles § 92— injury to child of the parties — fall from moving truck — negligence of mother — nonsuit**

In an action by a father against the mother to recover medical expenses and damages sustained when their minor daughter fell out of the cab of a moving pickup truck being driven by the mother, issue of the mother's negligence in proximately causing the injury was improperly submitted to the jury, where the father's evidence left open to conjecture whether the door was opened by the child or by the physical force created when the truck rounded a curve.

2. **Automobiles § 44— res ipsa loquitur — injury to child falling from moving truck**

The doctrine of *res ipsa loquitur* was inapplicable in a father's action against the mother to recover medical expenses and damages sustained when their minor daughter fell out of the cab of a moving pickup truck being driven by the mother.

APPEAL by defendant from *Mintz, J.,* October 1969 Civil Session of GATES County Superior Court.

This is an action by the husband of the defendant to recover medical expenses and damages sustained as the result of an injury to the minor daughter of the parties when she fell out of the cab of a moving pickup truck being driven by defendant. At the time of the accident the child was four years and ten months old, alert, obedient and showed promise of being industrious, intelligent and helpful to her parents. Since the accident she has difficulty seeing, drags her foot, is generally not as alert and industrious and the vision in her left eye is greatly impaired. Plaintiff's evidence, based in part on defendant's testimony as an adverse witness, is uncontroverted and tends to show that the defendant mother and her daughter had been to the grocery store and had driven about one-

half mile from the store when the accident occurred. The vehicle in which they were riding was a two-door pickup truck, not equipped with safety belts. Though plaintiff testified that the door lock was in the handle, and defendant testified it was on the top of the door, both testified that the door could be opened from the inside whether it was locked or unlocked. The door handles were located eight inches to one foot above the level of the seat and approximately one foot in front of the seat, "about middle way of the door in each direction." Defendant testified that the door handle was behind the child when she was standing on the floorboard. Both plaintiff and defendant testified that nothing was mechanically wrong with the door handle or lock on the passenger side, that it had never come open before and that they had never seen the child attempt to open the door to any moving vehicle, though plaintiff testified that the child could open the door and that he had seen her open it before. Plaintiff testified that he checked the door after the accident and could find no mechanical defects. Defendant testified that both she and the child entered the truck from the driver's side and that she did not check the door on the passenger's side on that day to see if it was properly closed or locked and she did not say anything to the child about the door. She did not at any time hear the door rattle as if it were not properly closed; if she had she would have stopped and closed the door. She had driven about two miles without hearing any noises to indicate that the door was not securely closed, one and one-half miles from her house to the store and the one-half mile from the store to the accident location. As they were riding they were singing, with the child standing on the floorboard of the truck. A State Highway Patrolman testified that the speed limit at the place of the accident was 55 miles per hour and the defendant testified she had slowed down to 40 miles per hour going into a curve. She testified that "When I went around the curve I happened to look over and I saw she was falling, going out, and I throwed on brakes, and she was out, and I went to pick her up." She further testified that the child "did not cry out before she fell out of the door. I had warned her earlier on other occasions about opening doors of cars . . .", and that she did not know what caused the door to come open.

A State Highway Patrolman testified that the road at the place of the accident curves to the left, that it was elevated so that "a car making a left turn would be leaning to the left."

Defendant's motions for nonsuit, made at the close of plaintiff's case and renewed after defendant had introduced one exhibit, were denied by the court.

By consent the case was tried before a judge sitting without a jury and the findings of facts pertinent to this appeal were these:

"3. That on Friday, the 1st day of September, 1967, at about 3:00 P.M., the defendant was operating a pickup truck in a northerly direction on Rural Paved Road 1200 and had entered a curve when the door on the right side of the pickup came open and Cecilia Denise Johnson fell out of the moving vehicle onto the pavement, causing the child to suffer serious personal injuries."

"5. That the injuries to the child proximately resulted from the failure of Vivien Ashe Johnson to properly supervise the child while she was driving along the public highway by allowing the child to stand next to the door while the defendant drove the pickup along and sang songs, and the further failure of the defendant to check the right door to determine whether or not the same had been securely fastened before she undertook to drive down the road with the child inside the pickup truck."

The court then ordered that plaintiff recover of defendant a total of Five Thousand, Six Hundred Forty-Seven Dollars ($5,647.00).

Defendant appealed.

*Jones, Jones and Jones by L. Bennett Gram, Jr., for plaintiff appellee.*

*Leroy, Wells, Shaw, Hornthal and Riley by L. P. Hornthal, Jr., for defendant appellant.*

MORRIS, J.

[1, 2] Defendant brings forward two assignments of error, the first related to the court's failure to grant her motion for nonsuit and the second to the signing and entry of the judgment. After reviewing the evidence, we are of the opinion that defendant's motion for nonsuit at the close of plaintiff's evidence should have been granted. We are in agreement with counsel for both parties that the doctrine of *res ipsa loquitur* does not apply under the facts of this case.

Neither the evidence nor the findings of fact by the court offers a sufficient explanation of why the door of the truck came open. Looking at the evidence of the plaintiff in the light most favorable to him and giving him the benefit of every doubt and reasonable inference, we are still left with two possible explanations of why the door came open — either it was not securely closed and opened as a result of

the physical force created when the truck began negotiating the curve or it was opened, accidentally or on purpose, by the child. This, at best, leaves the trier of the facts with a choice of possibilities or a finding based on conjecture, which is insufficient to support a finding that the defendant's negligence, if any, was the proximate cause of the injury to the child. As was said in *Powell v. Cross*, 263 N.C. 764, 140 S.E. 2d 393 (1965):

> "The sufficiency of the evidence in law to go to the jury does not depend upon the doctrine of chances. However confidently one in his own affairs may base his judgment and as a basis for the judgment of the court, he must adduce evidence of other than a majority of chances that the fact to be proved does exist. It must be more than sufficient for mere guess and must be such as tends to actual proof." (citations omitted.)

See also *Jones v. Smith*, 3 N.C. App. 396, 165 S.E. 2d 56 (1969); 65A C.J.S., Negligence, § 244(2).

Reversed.

Mallard, C.J., and Graham, J., concur.